A jury found that a mortgagee, who had accepted late payments from the original mortgagors, was not estopped to demand payments on time from the mortgagors' grantee, and was not estopped to foreclose under the terms of the mortgage. We affirm.
In 1971, Minnie Bailes conveyed to Annie Sue J. Smith certain real property and received back from Mrs. Smith and her husband, Robert Smith, a promissory note in the amount of $24,000, and a mortgage on the property to secure payment of the note.
Under the terms of the instruments, payments on the note were due on the first of every month; however, the Smiths routinely proffered payment several days to a week after the due date. There was some evidence that Mrs. Bailes did not insist on timely payment by the Smiths, but only requested that they make payment by the tenth day of each month so that she could deposit the money in the bank by that date, which would allow her to collect interest from the first of the month.
In 1976, the Smiths sold the property to Putman Realty and Auction, Inc. Prior to the sale, Bailes notified D.L. Putman, president of Putman Realty Auction, Inc., that she objected to his company assuming the mortgage. Nevertheless, the sale was made. The payment for November, 1976, was sent to Bailes by the closing attorney *Page 659 
on November 11, 1976. The check was dated November 9.
Bailes' attorney, at her direction, returned the check and advised the Smiths and Putman Realty Auction that due to their failure to make payment by the required day (November 1) she had elected to accelerate the entire principal balance secured by the note and mortgage. She also placed the note and mortgage with her attorney for collection and foreclosure, respectively.
Bailes received a check from Putman Realty Auction for the December payment, but returned it. Thereafter, Putman Realty 
Auction conveyed the property to David and Wanda Terrell, who assumed the mortgage and made all future monthly payments. Bailes retained the Terrells' checks but did not negotiate them.
The mortgage provides:
 ". . . [S]hould said indebtedness hereby secured . . . or any part thereof . . . remain unpaid at maturity . . . the whole of the indebtedness hereby secured . . . shall at once become due and payable at the option of said mortgagee, and this mortgage be subject to foreclosure and may be foreclosed as now provided by law in case of past due mortgages. . . .
* * * * * *
 "The undersigned agree that no delay or failure of the mortgagee to exercise any option to declare the maturity of any debt secured by this mortgage, shall be taken or deemed as a waiver of its right to exercise such option, or to declare such forfeiture, either as to any past or present default, and it is further agreed that no terms or conditions contained in this mortgage can be waived, altered or changed except as evidenced in writing, signed by the undersigned, and by the mortgagee, by an officer thereof."
In March, 1977, Bailes filed a complaint against Putman Realty Auction, the Terrells, and the Smiths. She alleged:
 "The said mortgage contains a provision that in the event of default Plaintiff has the right to foreclose said mortgage as provided by law. Said promissory note contains a provision that in the event of default in the payment of any one of said monthly installments, when due, the entire balance shall become immediately due and payable. Defendants have defaulted in that they failed to make the payment due November 1, 1976, when due."
Defendants denied the existence of a default, and by cross-claim, the Smiths asserted that Putman Realty Auction was liable to them for any claim asserted against them in the action.
The case went to trial before a jury. In response to special interrogatories, the jury found that Mrs. Bailes was not estopped to foreclose the mortgage for the reason that the payment due November 1, 1976, was not timely tendered.
The judge thereafter entered judgment, finding the mortgage to be in default and subject to foreclosure, with a balance due of $20,128.81. He also awarded plaintiff $1,000 in attorneys' fees as set by the jury and granted the cross-claim of the Smiths.
The defendants contend that Mrs. Bailes had acquiesced in the Smiths' practice of making late payments on the note, and that by accepting payments of the monthly installments from the original mortgagors after the due date, Mrs. Bailes was estopped to assert her right to foreclose for late payment tendered on behalf of a purchaser of the equity of redemption. Whether Mrs. Bailes was estopped was a jury question. The law is to the effect that where evidence of estoppel is present and susceptible to different reasonable inferences, the issue is one for the jury. Draughon v. General Finance CreditCorporation, 362 So.2d 880 (Ala. 1978).
From a review of the record, we determine that the trial court was correct in presenting the question of estoppel to the jury, and that the court properly instructed the jury on the defense of estoppel. A pertinent portion of those instructions follows: *Page 660 
 "Now, if you are reasonably satisfied from the evidence that at the time of the commencement of this suit, on March 9, 1977, the plaintiff, Mrs. Bailes, was entitled to foreclose it under the strict terms and conditions of the mortgage, then you would consider the defense of the defendants. The defendants assert that Mrs. Bailes is estopped to foreclose the mortgage based on the lateness of the payment, or the tender of the November 1, 1976, payment, because of her conduct in the past. . . .
* * * * * *
 "Now, the burden is upon the defendant to reasonably satisfy you from the evidence of the truthfulness of their plea of estoppel. . . .
* * * * * *
 "Now, a person who claims an estoppel, who asserts estoppel, as the defendants do in this case, must show that he was induced to act, or to omit action on the fact of the purported estoppel. If the person did not act, or if he acted, not in reliance upon the purported estoppel, but for some other reason, then, of course, he would not show an estoppel to have been done by the plaintiff in the case."
The judge, as noted, correctly instructed the jury concerning the defendants' burden of proving that they justifiably relied upon the prior conduct of Mrs. Bailes as evidencing an intention upon her part not to insist upon prompt payment of monthly installments.
The note expressly provided that payment was due on the first of each month, and the mortgage states that failure of the mortgagee to declare a default shall not be deemed a waiver of the right to make such a declaration. Furthermore, there is no evidence that Putman Realty Auction knew that Mrs. Bailes had allowed the Smiths any period of grace within which to make timely payment of the monthly installments.
We find that the verdict of the jury is supported by credible evidence; therefore, the judgment entered thereon should be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.