Does an insurance policy which covers a loss "caused by theft or larceny," *Page 963 
include a loss occasioned by false pretense? We hold that it does not.
Briefly, the facts are that St. Paul issued an automobile insurance policy which covered the insured's 1971 GMC Diesel Tractor, or any part thereof, against loss "caused by theft or larceny." The insured took his vehicle to a local mechanic for engine repairs and contracted for a trade of his entire 1971 GMC running gear (motor, frame and transmission), plus $5,000, for a complete 1974 Cummings running gear, installed. Eight months later, the insured learned that the replacement running gear was stolen property; he filed a claim with his insurance carrier contending that his original running gear was stolen.
The insurance carrier denied the claim, and the insured filed suit alleging that the loss of his original GMC running gear was caused by theft or larceny.
The policy provided that the insurance company would pay for loss to the vehicle under coverage:
"H. THEFT — caused by theft or larceny."
The trial judge heard the testimony without a jury. He found that since the replacement running gear was stolen, there was a failure of consideration in the contract and Veal remained the true owner of the insured property. The court awarded the insured a judgment of $12,000. The carrier's motion for a judgment n.o.v. or, in the alternative, for a new trial was overruled. The company appealed. We reverse and remand.
In construing the meaning of the terms "theft" and "larceny" as found in the insurance contract, this Court must give effect to the intention of the parties by applying the common interpretation of those terms, that is, that interpretation which persons with a usual and ordinary understanding would give to the terms when used to express the purpose for which they were employed. Alabama Farm Bureau Mutual Casualty Ins.Co. v. Goodman, 279 Ala. 538, 188 So.2d 268 (1966).
"`Larceny' is a technical term, while `theft' is one of common usage. It is widely and broadly stated that the two are synonymous in construing insurance contracts of this character." Home Ins. Co. of New York v. Trammell, 230 Ala. 278,160 So. 897 (1935).
Where an owner intends to transfer, not the possession merely, but also the title to the property, although induced thereto by the fraud or fraudulent pretenses of the taker, the taking and carrying away do not constitute theft or larceny.Illinois Automobile Ins. Exchange v. Southern Motor Sales Co.,207 Ala. 265, 92 So. 429 (1922). Larceny by trick is not committed unless the party injured parts with the property with the intent to part with possession only and not with title. SeeLatham v. State, 56 Ala. App. 234, 320 So.2d 747, aff'd.294 Ala. 685, 320 So.2d 760 (1975).
"If the possession of such property is obtained by fraud, and the owner intends to part with his title as well as his possession, the offense is that of obtaining property by false pretenses, provided the means by which they are acquired are such as, in law, are false pretenses." Jackson v. State,33 Ala. App. 42, 31 So.2d 514, cert. denied 249 Ala. 348,31 So.2d 514 (1947).
We find that the insured's property was not obtained through a larceny by trick. He was induced to surrender title to the original GMC running gear by the false pretense that he was obtaining good title to the replacement chattel. This does not constitute a larceny or theft within the ordinary meaning of such terms as employed in the insurance policy.
It is apparent to this Court that there is a fine line drawn between larceny and false pretenses. This matter was discussed in a four-part article, Beatty, Alabama Property Offenses-Past,Present, Future, 12 Ala.L.Rev. 253 (Spring 1960), 13 Ala.L.Rev. 98 (Fall 1960), 15 Ala.L.Rev. 405 (Spring 1963), 16 Ala.L.Rev. 351 (Spring 1964).
 "We hold it to be larceny when through fraud the victim parts with possession, but not title, to his property. If the thief obtains the possession and the title, does *Page 964 
he have possession the less? What rational difference does it make that he obtained both? Yet, by following such absurd common-law distinctions, we reach the ridiculous result of holding that when the defendant obtains the possession and title, he does not have `possession.' And if he uses a false promise to obtain both, he is not guilty of larceny by trick, since he obtained title." 12 Ala.L.Rev. 253, at 291.
As suggested in the law review article, the common-law distinctions between larceny by trick and false pretenses are based on a seemingly illogical premise; however, the distinctions remain a part of our law, and we are duty bound to apply them. The distinctions have been eliminated in the new Criminal Code which will become effective January 1, 1980. Under the new Criminal Code, both "larceny" and "false pretenses" will constitute "theft" [Code 1975, § 13A-8-2], and losses caused by "theft" as defined by the new Criminal Code will be covered under policies insuring against "theft."
While the line between the crimes of larceny and false pretenses continues to be a fine one, nevertheless they are presently separate and distinct crimes. The policy was drawn so as to insure only against theft or larceny. A loss incurred as a result of false pretenses is not among the risks insured against. This Court should not rewrite the policy when similar provisions have been construed previously to have definite legal results.
Having determined that the judgment is due to be reversed, we find it unnecessary to address the additional issue that the court committed reversible error in awarding $12,000 in damages.
The judgment is due to be reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur