392 So.2d 997 (1981)
John MERCEDE, Appellant,
v.
The MERCEDE PARK ITALIAN RESTAURANT, INC., d/b/a Venezia Restaurant, Appellee.
No. 79-1987.
District Court of Appeal of Florida, Fourth District.
January 21, 1981.
Stephen M. Bell, P.A., Plantation, for appellant.
Anthony J. Titone of Titone & Roarke, Sunrise, for appellee.
DOWNEY, Judge.
Appellant, John Mercede, sued appellee, Venezia Restaurant, to recover a cost of living rent adjustment pursuant to a lease. From an adverse final judgment for appellee this appeal was perfected.
The lease between the appellant landlord and the appellee tenant, dated January 1, 1975, provided for a basic annual rent payable monthly. In addition, the lease provided that an annual cost of living increase should be added to the monthly rent after the first year of the lease.[1] On October 5, 1977, the appellant sent appellee a notice of the cost of living increase. The appellee began paying the cost of living increase with the November 1977 rent payment, but refused to pay any increase for any period before November 1977. Again on August 4, 1978, appellant notified appellee it owed additional rent based upon the increase in the Consumer Price Index and demanded the arrearages. Appellee paid the new increase but again refused to make any back payments.
Appellant sued to recover the allegedly past due increase based upon the Consumer Price Index. Appellee denied the debt and affirmatively pleaded, among other defenses, waiver and estoppel.
*998 At trial before the court the parties stipulated to the admission of the lease and several letters between the parties and between counsel. The only testimonial evidence came from an accountant for appelant. It appears conceded in the record that the lease provided for a rental increase based upon the Consumer Price Index and that appellees had not made any payments per the Index for the period prior to November 1977. Appellee adduced no evidence in support of the affirmative defenses of waiver and estoppel. However, the trial court found "the plaintiff in this matter waives his right to any cost of living rent increase prior to his notices requesting same. Plaintiff failed to timely notice defendant of these increases."
The burden of proving the affirmative defense of estoppel and waiver was upon the appellee (State v. Hadden, 370 So.2d 849 (Fla. 3rd DCA 1979); Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854 (Fla. 2d DCA 1970); however appellee adduced no evidence at all to support those affirmative defenses. The evidence that was adduced by appellant reflected some delay in making demand upon appellee for increased rent, but mere delay is insufficient to support a defense of either waiver or estoppel.
Thus, it appears to us that appellant was entitled under the lease to an increase in rent after the first year based upon the Consumer Price Index. Appellee having failed to prove its affirmative defenses, judgment should be entered for appellant for the amount of said increases.
Accordingly, the judgment appealed from is reversed and this cause is remanded for further proceedings to determine the amount of rental increases due appellant based upon the increase in the Consumer Price Index as provided in the lease between the parties.
REVERSED AND REMANDED, with directions.
BERANEK and HERSEY, JJ., concur.
NOTES
[1] "Any lease executed beyond a 1 year period shall be increased by any increase in the cost of living index as published by the Bureau of Labor Statistics for every 1 year period after the expiration of the 1st 1 year period of this lease. The index to be utilized shall be the Consumers Price Index (all items) and the annual average applicable for the year shall be as specified therein. Said increases shall be added to the monthly rent."