This is an appeal from a summary judgment in the Circuit Court of Jefferson County rendered in favor of General Motors Corporation (General Motors), and against William and Mary Cheatham.
The Cheathams purchased a 1979 Pontiac automobile from Doug Willey Pontiac, Inc. (Willey Pontiac) on or about March 30, 1979. The automobile contained a 350 cubic inch engine produced by the Buick division of General Motors. The Cheathams allege that they relied to their detriment on the representation by the salesman at Willey Pontiac that the automobile had a 301 cubic inch engine produced by Pontiac.
The Cheathams filed suit against Doug Willey Pontiac, Inc. and against General Motors for false or reckless misrepresentation as to the engine and asked for $8,000, compensatory and punitive damages, and costs. Subsequently, Willey Pontiac and the Cheathams entered into a pro tanto settlement and release which was made final on April 12, 1984.
The trial court granted General Motors' motion for summary judgment on March 22, 1984, which was made final on April 12, 1984.
The dispositive issue is whether the trial court properly granted the summary judgment to General Motors. We hold that it did not.
It is well settled that for a summary judgment to be properly granted the pleadings and affidavits must show that there is no genuine issue as to any material fact such that the moving party is entitled to the relief sought strictly as a matter of law and that there is not even a scintilla of evidence supporting the position of the non-movant. *Page 1103 Silk v. Merrill Lynch, Pierce, Fenner Smith, 437 So.2d 112
(Ala. 1983); Alabama Rules of Civil Procedure 56 (c). The party moving for the summary judgment, General Motors here, has the burden of clearly showing that the nonmoving party, the Cheathams, cannot recover under any discernible set of circumstances. Missildine v. Avondale Mills, Inc.,415 So.2d 1040 (Ala. 1981). The evidence must be viewed in the light most favorable to the nonmoving party and it must appear that the nonmoving party still cannot prevail. Forester Jerue, Inc. v.Daniels, 409 So.2d 830 (Ala. 1982).
Here, when the evidence is viewed in the most favorable light to the Cheathams, General Motors did not meet its burden and the summary judgment was not properly granted.
At issue is whether Willey Pontiac was an agent for General Motors for purposes of the circumstances surrounding the alleged misrepresentation. The issue of agency is one of fact.Wood Chevrolet Co. v. Bank of the Southeast, 352 So.2d 1350
(Ala. 1977). Whether an agency relationship exists is a question of fact to be determined by the jury. Oliver v.Taylor, 394 So.2d 945 (Ala. 1981); Cashion v. Ahmadi,345 So.2d 268 (Ala. 1977). Thus, summary judgment on the issue of agency is generally inappropriate. Oliver, supra; Moses v. AmericanHome Assurance Co., 376 So.2d 656 (Ala. 1979). However, the courts do not presume agency. 3 C.J.S. Agency § 491 (1973).
There must be a scintilla of evidence on the issue of agency to overcome a motion for a summary judgment.
The scintilla rule requires only that the evidence at hand furnish a mere gleam, glimmer, spark, the least bit, the smallest trace, in support of plaintiff's complaint. Watkins v.St. Paul Fire Marine Insurance Co., 376 So.2d 660 (Ala. 1979). This glimmer or spark can come from the evidence or from reasonable inferences drawn from the evidence. Wilson v.Liberty National Life Insurance Co., 331 So.2d 617 (Ala. 1976). There are at least two issues in the record which produce the necessary scintilla.
First, it is in dispute as to whether there were posters placed around the dealership at General Motors' behest. The record contains a letter from General Motors to its dealers instructing them to put the posters in their showrooms. These posters promoted General Motors vehicles and contained "information regarding the engines used in 1979 Pontiacs including the name of the General Motors division which produced such engines." One view from this evidence and the reasonable inferences drawn therefrom would permit one to conclude that General Motors held a right of control over Willey Pontiac. The existence of such a right of control tends to show a principal-agent relationship. Wood Chevrolet Co. v.Bank of the Southeast, 352 So.2d 1350 (Ala. 1977); Hodges Co.v. Albrecht, 288 Ala. 281, 259 So.2d 829 (1972).
The Alabama Supreme Court recently concluded that a scintilla of evidence on the issue of agency existed when a dealer of heavy farm equipment had literature from the manufacturer about his premises and when the manufacturer had employees accompany the dealer's employees in attempting to repair some equipment.Massey-Ferguson, Inc. v. Laird, 432 So.2d 1259 (Ala. 1983). There, the court did not inquire into whether the buyer read the literature and relied on it, but found that the mere existence of the literature at the dealership was a scintilla of evidence as to agency.
Second, there is at least conflicting evidence as to whether Cheatham relied upon a representation by General Motors indicating an agency relationship. This is significant because of the Alabama Supreme Court's reasoning in Massey-Ferguson,Inc. v. Laird, supra. The court reasoned as follows:
 "The record in the instant case presents conflicting
evidence as to whether Laird, in fact, relied on the representations made by Boyd. Given the conflicting
evidence, we conclude that the trial court *Page 1104 
properly submitted to the jury the question of agency, since whether one is the agent of another is normally a question of fact for the jury." (Emphasis added.)
The pertinent facts on the question of whether Cheatham relied on a representation by General Motors of an agency relationship are as follows: Cheatham looked at a car in Willey Pontiac's showroom that was identical to the car purchased except for the color; Cheatham testified in a deposition that he read a window sticker on an identical car and that the sticker provided that the car contained a 301 engine; the salesman raised the hood on the identical car and Cheatham looked at the engine; there was no window sticker on the car actually purchased, and Cheatham did not worry about themissing window sticker or raise the hood to look at the engine because the salesman apparently stated that the car purchased was the "identical same car, and the same cubic, and your 301."
The facts are pertinent because the record indicates that General Motors uses window stickers to advise customers of the placement of Buick engines in Pontiacs. The record, in fact, contains a letter from General Motors to all Pontiac dealers, specifically instructing Pontiac dealers "to apprise customers of the source of the engines assembled in the purchased automobiles."
When the circumstances indicate that a principal-agent relationship may exist, there is a genuine issue of agency for the trier of fact.
The summary judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
All the Judges concur.