477 So.2d 441 (1985)
Don TAYLOR
v.
N.H. WATERS, Jr., and Jackson Insurance Agency.
Civ. 4823.
Court of Civil Appeals of Alabama.
July 24, 1985.
Rehearing Denied September 11, 1985.
Certiorari Denied November 1, 1985.
*442 David L. Manz of Wininger & Lee, Birmingham, for appellant.
Douglas Corretti and Jesse P. Evans III of Corretti & Newsom, Birmingham, for appellees.
Alabama Supreme Court 84-1372.
BRADLEY, Judge.
Landlord and tenant entered into a five year lease for commercial property on July 1, 1979, whereby the tenant was to pay $325 rent monthly. The lease also provided for a review and adjustment of rent each July, using an agreed-upon formula. From 1979 until March 30, 1984 the landlord sent the tenant a monthly bill for $325, which the tenant routinely paid. In March 1984 the landlord sent the tenant a bill for $3,335.30, representing the sum due after all of the annual adjustments were aggregated. The bill, which is not in dispute, was later amended to demand $4,235.40.
The tenant refused to pay the adjustment demand, while continuing to pay the $325 monthly rent for the term of the lease, only three months away, June 30, 1984, and the landlord brought suit. The tenant denied the debt and affirmatively pleaded estoppel, among other defenses. Both parties moved for a summary judgment, and from the granting of the landlord's summary judgment motion the tenant appeals.
We begin our analysis of this case by determining whether the landlord's summary judgment was properly granted. Under Alabama's scintilla rule a summary judgment is properly granted only when it appears from the pleadings and other duly filed evidence of record that there is no genuine issue of material fact to be determined and the moving party is entitled to the relief sought as a matter of law. Ledbetter v. Darwin Dobbs Co., 473 So.2d 197 (Ala.Civ.App.1985); Cheatham v. General Motors Corp., 456 So.2d 1101 (Ala.Civ.App. 1984); Alabama Rules of Civil Procedure, 56(c). This must be true even when the evidence is viewed in the light most favorable to the nonmoving party. Cheatham, supra. Thus, if there exists even a scintilla *443 of evidence in support of the nonmoving party's position, a summary judgment is improper and the case must be submitted to a finder of fact.
The tenant pleaded equitable estoppel as an affirmative defense. The elements of equitable estoppel, sometimes referred to as equitable estoppel in pais, are present if the landlord communicated something to the tenant in a misleading fashion by words, conduct, or silence; the tenant relied on that communication; and the tenant would suffer harm if the landlord were allowed to assert a claim which is inconsistent with his earlier conduct. See General Electric Credit Corp. v. Strickland Division, 437 So.2d 1240 (Ala.1983); Ex parte Baker, 432 So.2d 1281 (Ala.1983); Mazer v. Jackson Insurance Agency, 340 So.2d 770 (Ala.1976).
Also, the issue of estoppel is generally considered to be for the fact finder unless only one reasonable inference can be drawn from the evidence. Auto-Plaza, Inc. v. Central Bank, 394 So.2d 6 (Ala. 1980); Putman Realty & Auction, Inc. v. Bailes, 371 So.2d 658 (Ala.1979).
We find more than one reasonable inference can be drawn from the facts in the case at bar, giving rise to the need for a factual determination of the estoppel issue. For example, the fact that the landlord, who drafted the lease and thus must have it construed against him, Gulf Fishing & Boating Club, Inc. v. Bender, 370 So.2d 1026 (Ala.Civ.App.1979), did not annually adjust the rent as provided in this lease, but continued to bill the tenant monthly for the nonadjusted amount from July 1979 through March 1984, only three months before the termination of the lease, presents a scintilla of evidence from which a reasonable inference could be drawn that the landlord is estopped from collecting the entire adjusted amount at the end of the lease.
The landlord argues in brief that the lease contained a nonwaiver clause, which precludes the application of the estoppel defense. However, the existence of a nonwaiver provision in the lease does not preclude the possibility that the landlord had in fact chosen to never collect the aggregate adjustment in whole or in part. See Putman, supra.
Based on the above conclusions, we hold that the summary judgment was improperly granted.
We note that the trial court in its judgment relies on Mercede v. Mercede Park Italian Restaurant, Inc., 392 So.2d 997 (Fla.Dist.Ct.App.1981). Though Mercede involved similar facts, it is, for present purposes, inapposite. Mercede dealt with a reversal of a trial court judgment in favor of the tenant. The trial court concluded after a trial that the tenant had failed to prove his affirmative defenses of waiver and estoppel. In the case at bar the issue is not whether the tenant failed to prove his affirmative defenses but whether the summary judgment was properly granted under Alabama's scintilla rule, i.e. whether the tenant should get an opportunity to establish his defenses. Thus, Mercede is not apt authority for a decision in the present case.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.

ON REHEARING
BRADLEY, Judge.
In his application for rehearing the landlord contends that we erred in reversing the trial court's award to him of a summary judgment. The reason asserted for our error is that there were cross-motions for summary judgment alleging that there was no genuine issue of material fact and, therefore, the court was at liberty to grant summary judgment to him.
In our original opinion we began our analysis of the case by determining whether the landlord's summary judgment was properly granted. We noted that a summary judgment is properly granted only when it appears from the pleadings and other duly filed evidence of record that there is no genuine issue of material fact to be *444 determined and the moving party is entitled to the relief sought as a matter of law. Ledbetter v. Darwin Dobbs Co., 473 So.2d 197 (Ala.Civ.App.1985); Cheatham v. General Motors Corp., 456 So.2d 1101 (Ala. Civ.App.1984). The landlord contended, however, that there was no genuine issue as to any material fact and the trial court was therefore required to grant him summary judgment as a matter of law.
A party is not estopped, as suggested by the landlord, by the mere filing of his motion for summary judgment from later asserting that there are genuine issues of fact. Schlytter v. Baker, 580 F.2d 848 (5th Cir.1978). Generally, the filing by both parties of opposing motions for summary judgment will not warrant a court's granting either party's motion if there exists a genuine factual dispute. Cross-motions may be probative of the nonexistence of a factual dispute when the motions demonstrate (as the landlord contends the motions at bar do) a basic agreement concerning the relevant legal theories and dispositive material facts. Cooper v. Board of Equalization, 392 So.2d 244 (Ala.Civ.App. 1980). See also Bricklayers Local 15 v. Stuart Plastering Co., 512 F.2d 1017 (5th Cir.1975). However, even though there may be no genuine issues of material facts between the parties, "[a] motion for summary judgment must be denied if the evidence is such that conflicting inferences can be drawn therefrom and if reasonable men might reach different conclusions." Lundy v. Hazen, 90 Idaho 323, 411 P.2d 768 (1966). As the Second Circuit Court of Appeals stated in Empire Electronics Co. v. United States, 311 F.2d 175 (2nd Cir. 1962), where the evidentiary facts are not in dispute, but the inferences to be drawn from them are, summary judgment is improper. The Second Circuit noted that "a judge may not, on a motion for summary judgment, draw fact inferences." Id. See also United States v. Oakley, 744 F.2d 1553 (11th Cir.1984); Warrior Tombigbee Transportation Co. v. M/V Nan Fung, 695 F.2d 1294 (11th Cir.1983); Union Insurance Society v. William Gluckin & Co., 353 F.2d 946 (2nd Cir.1965); Winter Park Telephone Co. v. Southern Bell Telephone & Telegraph Co., 181 F.2d 341 (5th Cir.1950). Further, it is well established that summary judgment is improper where the evidence or any reasonable inference therefrom contains a particle or trace in support of the theory of the opposing party. McLaughlin v. Alabama Farm Bureau Mutual Casualty Insurance Co., 437 So.2d 86 (Ala.1983).
Generally, the existence of estoppel is a mixed question of law and fact.
"Unless only one reasonable inference can be drawn from the evidence, estoppel is a question for the triers of the facts, the jury or the trial court. On the other hand, if the facts are undisputed and only one reasonable inference in such respect can be drawn from the evidence, the question whether an estoppel is established is one of law for the court."
28 Am.Jur.2d Estoppel and Waiver § 149 (1966) (footnotes omitted), quoted in Humphrey v. Boschung, 287 Ala. 600, 253 So.2d 769 (1971).
The parties disagree as to inferences to be drawn from the facts, such as the landlord's intentions, and whether he waived his right to collect the adjusted rent. See S.J. Groves & Sons Co. v. Ohio Turnpike Commission, 315 F.2d 235 (6th Cir.1963). Thus, we conclude that summary judgment was improperly granted.
We are not unmindful of the fact that neither the landlord nor the tenant requested a jury trial and that the trial court will ultimately resolve the dispute. This does not change our conclusion. Where reasonable men might reach different conclusions on the evidence, summary judgment should be denied and the case must be returned to the trier of fact, in this case the trial court. American Manufacturers Mutual Insurance Co. v. American BroadcastingParamount Theatres, Inc., 388 F.2d 272 (2nd Cir.1967). Also, the landlord's contention that we are precluded from reviewing the trial court's grant of summary judgment because the parties failed to raise the scintilla of evidence issue *445 in brief is unpersuasive. As an appellate court, we are required to review whether a grant of summary judgment is proper.
We have concluded that the trial court's grant of summary judgment was improper.
OPINION EXTENDED.
APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and HOLMES, J., concur.