Landlord and tenant entered into a five year lease for commercial property on July 1, 1979, whereby the tenant was to pay $325 rent monthly. The lease also provided for a review and adjustment of rent each July, using an agreed-upon formula. From 1979 until March 30, 1984 the landlord sent the tenant a monthly bill for $325, which the tenant routinely paid. In March 1984 the landlord sent the tenant a bill for $3,335.30, representing the sum due after all of the annual adjustments were aggregated. The bill, which is not in dispute, was later amended to demand $4,235.40.
The tenant refused to pay the adjustment demand, while continuing to pay the $325 monthly rent for the term of the lease, only three months away, June 30, 1984, and the landlord brought suit. The tenant denied the debt and affirmatively pleaded estoppel, among other defenses. Both parties moved for a summary judgment, and from the granting of the landlord's summary judgment motion the tenant appeals.
We begin our analysis of this case by determining whether the landlord's summary judgment was properly granted. Under Alabama's scintilla rule a summary judgment is properly granted only when it appears from the pleadings and other duly filed evidence of record that there is no genuine issue of material fact to be determined and the moving party is entitled to the relief sought as a matter of law. Ledbetter v. Darwin Dobbs Co., 473 So.2d 197
(Ala.Civ.App. 1985); Cheatham v. General Motors Corp.,456 So.2d 1101 (Ala.Civ.App. 1984); Alabama Rules of Civil Procedure, 56 (c). This must be true even when the evidence is viewed in the light most favorable to the nonmoving party. Cheatham, supra.
Thus, if there exists even a scintilla *Page 443 
of evidence in support of the nonmoving party's position, a summary judgment is improper and the case must be submitted to a finder of fact.
The tenant pleaded equitable estoppel as an affirmative defense. The elements of equitable estoppel, sometimes referred to as equitable estoppel in pais, are present if the landlord communicated something to the tenant in a misleading fashion by words, conduct, or silence; the tenant relied on that communication; and the tenant would suffer harm if the landlord were allowed to assert a claim which is inconsistent with his earlier conduct. See General Electric Credit Corp. v. StricklandDivision, 437 So.2d 1240 (Ala. 1983); Ex parte Baker,432 So.2d 1281 (Ala. 1983); Mazer v. Jackson Insurance Agency,340 So.2d 770 (Ala. 1976).
Also, the issue of estoppel is generally considered to be for the fact finder unless only one reasonable inference can be drawn from the evidence. Auto-Plaza, Inc. v. Central Bank, 394 So.2d 6
(Ala. 1980); Putman Realty Auction, Inc. v. Bailes,371 So.2d 658 (Ala. 1979).
We find more than one reasonable inference can be drawn from the facts in the case at bar, giving rise to the need for a factual determination of the estoppel issue. For example, the fact that the landlord, who drafted the lease and thus must have it construed against him, Gulf Fishing Boating Club, Inc. v.Bender, 370 So.2d 1026 (Ala.Civ.App. 1979), did not annually adjust the rent as provided in this lease, but continued to bill the tenant monthly for the nonadjusted amount from July 1979 through March 1984, only three months before the termination of the lease, presents a scintilla of evidence from which a reasonable inference could be drawn that the landlord is estopped from collecting the entire adjusted amount at the end of the lease.
The landlord argues in brief that the lease contained a nonwaiver clause, which precludes the application of the estoppel defense. However, the existence of a nonwaiver provision in the lease does not preclude the possibility that the landlord had in fact chosen to never collect the aggregate adjustment in whole or in part. See Putman, supra.
Based on the above conclusions, we hold that the summary judgment was improperly granted.
We note that the trial court in its judgment relies on Mercedev. Mercede Park Italian Restaurant, Inc., 392 So.2d 997
(Fla.Dist.Ct.App. 1981). Though Mercede involved similar facts, it is, for present purposes, inapposite. Mercede dealt with a reversal of a trial court judgment in favor of the tenant. The trial court concluded after a trial that the tenant had failed to prove his affirmative defenses of waiver and estoppel. In the case at bar the issue is not whether the tenant failed to prove his affirmative defenses but whether the summary judgment was properly granted under Alabama's scintilla rule, i.e. whether the tenant should get an opportunity to establish his defenses. Thus,Mercede is not apt authority for a decision in the present case.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.
 ON REHEARING