Taxpayer appeals from a summary judgment rendered in favor of the State of Alabama in a sales tax assessment case.
The State of Alabama, Department of Revenue (State) entered a final sales tax assessment in the amount of $85,753.12 against Oxmoor Press, Inc. (taxpayer) for the period from June 1, 1981 through May 31, 1984. Taxpayer appealed the assessment *Page 1099 
to the Circuit Court of Montgomery County. After a hearing the circuit court entered a summary judgment in favor of the State for the full amount of the tax assessment. Taxpayer appeals.
The record shows that taxpayer, Oxmoor Press, Inc., is a printer organized under the laws of Alabama, with its principal place of business in Jefferson County, Alabama. It is a wholly-owned subsidiary of Stephens Graphics, Inc. Stephens contracted with South Central Bell Telephone Company (South Central) to print its telephone directories, and then, as authorized by the contract, subcontracted the printing work to taxpayer. The subject of the sales tax assessment was telephone directories printed and shipped by Oxmoor via post to telephone subscribers of South Central located outside Alabama. The directories were distributed to South Central's telephone subscribers as part of its public offering of telephone service. The directory shipments were from the Homewood Post Office in Birmingham to recipient subscribers located inside and outside of Alabama. On those directories shipped via post to telephone subscribers within Alabama, taxpayer has paid the Alabama sales tax, and these shipments are not included in the State's assessment. Other directories were shipped to subscribers outside Alabama via common carrier. They also are not included within the assessment. Only those directories shipped by post to subscribers located outside Alabama were the subject of the assessment.
In its complaint filed in the circuit court, taxpayer asked that the State's final assessment be set aside principally because of the following contract provision:
 "TITLE — Except as otherwise provided, title to material purchased by us [South Central] shall vest when the material has been delivered at the f.o.b. point unless this contract calls for additional services such as unloading after delivery in which event title shall vest when such additional services have been performed."
The contract further provided that the F.O.B. point would be either "3. Birmingham, Alabama, Freight Prepaid and Invoiced Back, (with delivery to and unloading at Post Office at no extra charge) or Destination, Freight Prepaid and Invoiced Back, at our [South Central's] option." The State answered, asserting the affirmative defenses of res judicata and collateral estoppel and asking that the final assessment be upheld.
Subsequently, the State filed a motion for summary judgment pursuant to Rule 56, A.R.Civ.P. Taxpayer responded with a cross motion for summary judgment.
The circuit court asserted in its final judgment that the matter had been submitted to it on the State's motion for summary judgment with pleadings, exhibits, and trial brief and the taxpayer's cross-motion for summary judgment supplemented by pleadings, exhibits, stipulations, affidavits, and trial brief. The court further asserted that, because each party requested a summary judgment, it assumed that there was no dispute as to any material fact in the case. The court then concluded that the State was entitled to a summary judgment because the transactions between Oxmoor and South Central Bell were "closed" transactions in Alabama under section40-23-1(a)(5), Code 1975, and were thereby subject to Alabama sales tax. The parties, in brief here, also assert that the matter was submitted to the trial court on the basis of motions for summary judgment, and that the trial court granted the State's motion for summary judgment.
Taxpayer argues here that the summary judgment upholding the assessment should be reversed for the following reasons: (1) the circuit court erred in holding the transactions between taxpayer and South Central "closed" within the state of Alabama; (2) the sales tax assessment was arbitrary and discriminatory as applied and thus violated the due process and equal protection clauses of both the Alabama and United States Constitutions; (3) the sales tax assessment was an unlawful tax of goods in interstate commerce; and (4) the sales tax *Page 1100 
assessment was improper because the sales were not retail sales, but rather were non-taxable wholesale sales.
Since a summary judgment was rendered in this case, our first concern is whether there existed a genuine issue of material fact. Taylor v. Waters, 477 So.2d 441 (Ala.Civ.App. 1985). If there is a scintilla of evidence in support of the nonmoving party's position, a summary judgment is improper. Taylor,supra. To make this decision we look to the pleadings, affidavits, and other evidence in the case.
Before reviewing the evidence to determine if there is a genuine issue of material fact in this case, we must decide whether cross motions for summary judgment relieve us of that decision.
If cross motions for summary judgment are filed with both alleging no dispute as to the material facts, summary judgment is improper if conflicting inferences can be gleaned from the evidence. Taylor, supra. The fact that cross motions for summary judgment have been filed does not relieve either party of his burden to demonstrate his right to summary judgment.Amason v. First State Bank, 369 So.2d 547 (Ala. 1979). Simply because one party does not meet his burden does not give the court corresponding authority to grant a summary judgment in favor of the other party. Amason, supra.
In the present case, therefore, we must decide whether there is a scintilla of evidence or factual inferences to be gleaned therefrom to support a conclusion that a genuine issue of material fact does exist.
The taxability of the transactions in the case at bar depends on whether the sale of the directories was "closed" within Alabama. If the sale were "closed" in Alabama, sales tax is due. In making the decision as to whether the sale was "closed" in Alabama, the trial court should have determined when title to the directories passed to the taxpayer.
 "Alabama sales tax applies only to sales that are 'closed' within the State. Sections 40-23-1(a)(5), -2(1), Code of Alabama (1975). For tax purposes, sales are closed when title to the goods passes to the purchaser. Hamm v. Continental Gin Co., 276 Ala. 611, 165 So.2d 392 (1964); State v. Altec, Inc., 46 Ala. App. 450, 243 So.2d 713
(1971). Actual delivery is of great importance in determining when title passes. State v. Communication Equip. Contr. Co., 335 So.2d 123
(Ala.Civ.App. 1976). Title passes, unless otherwise explicitly agreed, at the time and place of completion of performance by physical delivery of the goods. Section 7-2-401(2), Code of Alabama (1975)."
State v. Delta Air Lines, Inc., 356 So.2d 1205
(Ala.Civ.App. 1978), cert. denied, 356 So.2d 1208 (Ala. 1978).
The record discloses that taxpayer submitted two affidavits, inter alia, in support of its motion for summary judgment. The first was that of John Parker, treasurer of Oxmoor Press, Inc. Parker's affidavit stated that the F.O.B. point of the telephone directories shipped by taxpayer to subscribers outside of Alabama was the point of destination, i.e. the subscriber's address. He further stated that taxpayer assumed the risk of loss until delivery of the directories to the subscriber's premises by the United States Postal Service. The affidavit of Claude E. Morris, Jr., operations manager-staff for Bell South Advertising and Publishing Corporation for the region including Alabama, was also submitted. Morris's affidavit likewise maintained that South Central had selected the contract option designating the F.O.B. point as the destination of the directories, i.e. the subscriber's premises.
The State did not offer any evidence that contradicted the affidavits of taxpayer. Thus the uncontradicted record evidence is that South Central exercised its option to have title to the directories pass at their destination, i.e. subscriber's premises. In this posture the sales of the directories were "closed" outside Alabama. Such sales are deemed to be sales in interstate commerce and not taxable by the State. American CastIron Pipe Co. v. Boswell, 350 So.2d 438 (Ala. 1977); Revenue *Page 1101 
Administrative Code ¶ 810-6-3.35.02(1)(b), Sales in InterstateCommerce.
Because it failed to controvert taxpayer's affidavits regarding the passage of title and we cannot satisfy the scintilla rule by speculation as to when title truly passed, we necessarily find that the State failed to demonstrate the existence of a triable, genuine issue of material fact. Thus, summary judgment should have been entered for the taxpayer, not the State. Butler v. Michigan Mutual Insurance Co.,402 So.2d 949 (Ala. 1981).
Notwithstanding our conclusion that summary judgment was improperly granted to the State for the above stated reasons, we also conclude that summary judgment for the State was improper on the grounds of res judicata and collateral estoppel, which were the grounds asserted by the State in its motion for summary judgment.
In its motion for summary judgment and in argument to the court, the State had contended that two circuit court cases involving the collection of taxes from Oxmoor Press by the State barred further litigation in the present case.
A movant for summary judgment may assert properly pleaded affirmative defenses as grounds for his summary judgment motion. Engel Mortgage Co. v. Triple K Lumber Co., 56 Ala. App. 337, 321 So.2d 679 (Ala.Civ.App. 1975).
One of the requirements establishing res judicata is whether the "matter was or could have been litigated in the prior action." Century 21 Preferred Properties, Inc. v. Alabama RealEstate Commission, 401 So.2d 764 (Ala. 1981). Likewise, one of the requirements for the establishment of collateral estoppel is that the issues in the prior case and the present one be identical. Leverette ex rel. Gilmore v. Leverette,479 So.2d 1229, 1236 (Ala. 1985).
The dispositive matter or issue for resolution in the present case was whether title to the printed materials passed in Alabama or outside Alabama pursuant to a contract option granted to taxpayer. This matter or issue was not involved in the prior cases relied on by the State and, thus, cannot be used to bar the present litigation. Therefore, the trial court erred in granting the State a summary judgment.
The circuit court's summary judgment in favor of the State is reversed and the cause is remanded for entry of summary judgment in favor of taxpayer.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., concurs.
HOLMES, J., concurs specially.