BRADLEY, Presiding Judge.
This case involves a claim for insurance proceeds pursuant to a theft provision found in the insureds’ car insurance policy.
Plaintiffs, Rick and Margie Cashatt, owned a 1981 automobile which was covered by a car insurance policy issued to them by State Farm Mutual Automobile Insurance Company.
On February 14, 1986 Mr. Cashatt went to KAP Enterprises and arranged to trade in his car for a jeep. On February 17,1986 Mr. Cashatt and KAP completed the deal and Mr. Cashatt traded in his car for the jeep, turning over title to his car to KAP.
Mr. Cashatt was given an application for certificate of title to the jeep on the day of the purchase. Following the transaction, Mr. Cashatt learned that Bay Chevrolet was the owner of the jeep due to the following facts.
On January 28,1986 KAP had given Bay a bank draft for the jeep. KAP then took possession of the jeep. However, the bank draft was never honored, and Bay demanded that the Cashatts return the jeep.
Following their return of the jeep to Bay, the Cashatts reported the loss of their car to State Farm and demanded payment pursuant to their policy’s comprehensive coverage. The specific policy language the Cashatts relied on is as follows:
“1. Loss to Your Car. We will pay for loss to your car EXCEPT LOSS BY COLLISION
[[Image here]]
"... [LJoss caused by ... theft, larceny ... is payable under this coverage_” (emphasis added)
State Farm refused to pay the Cashatts’ claim. It based its refusal on the following policy language:
“THERE IS NO COVERAGE FOR:

U

[[Image here]]
“LOSS TO ANY VEHICLE DUE TO:
“d. CONVERSION, EMBEZZLEMENT OR SECRETION BY ANY PERSON WHO HAS THE VEHICLE DUE TO ANY LIEN, RENTAL OR SALES AGREEMENT.”
Following State Farm’s refusal to pay their claim, the Cashatts instituted a suit alleging that a theft of their car had occurred and, consequently, payment was due pursuant to their insurance policy.
State Farm then filed a motion for summary judgment. The Cashatts responded by filing a cross-motion for summary judgment based on the pleadings and the affidavit of Mrs. Cashatt. The Cashatts also later filed some bank documents, the affidavit of the president of Bay Chevrolet, as well as an additional affidavit from Mrs. Cashatt. In response, State Farm filed an amended opposition to the Cashatts’ summary judgment motion.
The court then granted State Farm’s motion for summary judgment, denied the Cashatts’ motion, and dismissed their complaint with prejudice.
The Cashatts appeal.
A summary judgment is proper when the pleadings and other duly submitted evidence reveal that no genuine issue of fact exists and, further, that the moving party is entitled to judgment as a matter of law. Taylor v. Waters, 477 So.2d 441 (Ala.1985).
In this case opposing summary judgments were filed. Often the filing of cross-motions for summary judgment is indicative “of the nonexistence of a factual dispute when the motions demonstrate ... a basic agreement concerning the relevant legal theories and dispositive material facts.” Taylor, supra. However, we recognize that if the inferences which may be drawn from the undisputed facts are conflicting then a summary judgment should not be granted. Taylor, supra.
In other words, if reasonable men might draw different conclusions from the evidence, summary judgment is improper. Taylor, supra. Additionally, a conclusion that reflects the opposing position need be supported only by a scintilla of evidence to *833 prevent the court from granting the summary judgment. Taylor, supra.
The evidence properly before the trial court in this case indicates that the basic facts are not in dispute. The Cashatts had an insurance policy which covered theft but which excluded from coverage theft losses resulting from conversion by sales contract.
The Cashatts traded in their car to KAP and received a jeep. KAP received title to the Cashatts’ car by promising them title to a jeep that KAP did not own.
The trial court found that these facts fell within the policy provision which excluded from theft coverage a car lost “due to conversion by any person who has the vehicle due to any sales agreement.” Based on its finding that the loss of the car fell within the policy exclusion, the court granted summary judgment.
We must, therefore, determine whether, as a matter of law, the Cashatts’ loss was a conversion “by sales agreement” so as to trigger the operation of their policy’s exclusionary clause. In reaching this decision, we must interpret conversion in such a way that it reflects the intent of the parties. St. Paul Fire & Marine Insurance Co. v. Veal, 377 So.2d 962 (Ala.1979). In other words, the meaning we attach to conversion must be one that “persons with a usual and ordinary understanding would give to the terms when used to express the purpose for which they were employed.” St. Paul, supra.
Conversion is generally defined as a wrongful taking of another’s property. McCain v. P.A. Partners, Ltd,., 445 So.2d 271 (Ala.1984). However, it is well settled that for a party to recover in a conversion action he must have had either “a general or special right to the property and possession or an immediate right of possession.” McCain, supra.
The Cashatts did not have a right of possession or a general or special property right to their car after they traded it in for the jeep. At that point they not only transferred the title to the car to KAP, but they also gave up possession of the vehicle to KAP. Consequently, in the absence of a property right in or the right to possession of their automobile, the Cashatts do not have an action for conversion.
As a matter of law, no conversion occurred, and the exclusionary clause of the policy failed to go into operation. We therefore hold that the court’s granting of State Farm’s motion for summary judgment was improper.
We noted earlier that in addition to granting State Farm’s summary judgment motion the trial court denied the Cashatts’ cross-motion and dismissed their complaint with prejudice. We disagree. Their summary judgment motion alleged that, there being no dispute over material facts, the Cashatts were entitled to judgment as a matter of law pursuant to the theft provision of their policy.
In St. Paul, supra, our supreme court interpreted both the term “theft” and “larceny” as found in an insurance contract. The court stated:
“Under the new Criminal Code, both ‘larceny’ and ‘false pretenses’ will constitute ‘theft,’ ... and losses caused by ‘theft’ as defined by the new Criminal Code will be covered under policies insuring against ‘theft.’ ”
Under section 13A-8-2, Code 1975, theft occurs when a person:
“(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or “(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property.”
The record reveals that KAP obtained control over the Cashatts’ car by turning over to the Cashatts a jeep that KAP did not own. This fact is uncontro-verted and indicates a “theft” as defined by the new criminal code. However, the record indicates this factual dispute: Whether the insurance policy in question was in effect at the time of the trade-in or whether it had been transferred to the jeep.
*834 Without uncontroverted evidence that the car was the subject of the policy, summary judgment is improper.
We further note that no legally acceptable evidence was offered by the Cashatts to establish the value of their car at the time of the “theft.” Consequently, we have no evidence establishing damages, and summary judgment on that issue would also be improper.
Accordingly, the trial court properly denied the Cashatts' summary judgment. However, as there is a dispute over material facts, the court erred in dismissing the Cashatts’ complaint with prejudice. When a dispute exists over material facts, or inferences therefrom, the court must deny summary judgment and proceed with a trial of the case. Taylor, supra.
The summary judgment granted in favor of State Farm is reversed. The trial court’s denial of a summary judgment requested by the Cashatts is affirmed, and the cause is remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, J., concurs.
HOLMES, J., concurs in the result.