INGRAM, Judge.
This appeal concerns sales tax assessments on several transactions by Dixie Tool & Die Company, Inc. (taxpayer). After an administrative hearing was conducted concerning these transactions, a final assessment of sales tax was issued against the taxpayer. On appeal, the circuit court overruled the Administrative Law Division and found the transactions in question to be exempt from any sales tax. The State of Alabama Department of Revenue (Department) now appeals to this court.
The dispositive issue here is whether the transactions in question by the taxpayer are exempt from sales tax.
The transactions in question fall into two categories: (I) the first category involves sales by the taxpayer to various out-of-state buyers; (II) the second category involves sales to “prime government contractors” by the taxpayer.
I.
The first category of transactions concerns the sale by the taxpayer of certain goods to out-of-state buyers. This court has previously held that whether sales taxes are due from out-of-state buyers depends upon whether title to the goods passed to the buyers within the State of Alabama, i.e., whether the transaction “closed” within the state, Oxmoor Press, Inc. v. State, 500 So.2d 1098 (Ala.Civ.App.1986). This court has held that pursuant to the Uniform Commercial Code (UCC), Ala. Code 1975, § 7-2-401(2), “[t]itle passes, unless otherwise explicitly agreed, at the time and place of completion of performance by physical delivery of the goods.” Oxmoor, supra, at 1100. Further, under the UCC, when an agreement provides for FOB origin, the seller’s responsibility is only to bear the risk and expense of putting the article into the possession of the courier. Ala.Code 1975, § 7-2-319(1)(a).
It is undisputed in the present case that in each transaction, the product sold to the out-of-state buyers was shipped by common carrier FOB origin. The testimony at the hearing revealed that once the taxpayer put the goods on the common carrier, its (taxpayer’s) responsibilities were finished. It is also undisputed that the goods were shipped from the taxpayer’s Alabama facility.
Thus, the taxpayer’s performance by delivering the goods to the common carrier was completed in Alabama, and title passed at that time. See Ala.Code 1975, § 7-2-401(2). Accordingly, the transaction between the taxpayer and the out-of-state buyers “closed” within Alabama, and sales tax was due on the transaction. Therefore, the trial court erred in holding that sales tax was not due on these out-of-state transactions and its judgment is therefore reversed.
II.
The second category of transactions concerns situations where the taxpayer contracted with prime government contractors to build special tools or equipment. The taxpayer contends that these transactions should be exempt from sales tax pursuant to Ala.Code 1975, § 40-23-4(a)(17), which in substance exempts sales to the United States government. Alternatively, the taxpayer contends that if the sales are not sales to the United States government, then they should be exempt as wholesale sales.
The facts in pertinent part show that the taxpayer contracted with two prime government contractors, Martin Marietta Corporation (Martin Marietta) and Rockwell International Corporation (Rockwell). The Martin Marietta contract involved building certain tools to be delivered to the Marshall Space Flight Center at Huntsville, Alabama. The Rockwell contract also concerned the manufacture of tools and machines, but with the additional condition that these tools and machines be retained in the taxpayer’s physical possession in its plant at Rainbow City, Alabama. These tools and machines were to be used in the production of spare parts provided for by a separate contract the taxpayer had with the United States government. This separate contract is not an issue in this case. We are dealing here only with the actual manufacture of the tools and machines *923 which were the subject of the contract between Rockwell and the taxpayer. The testimony indicates that, in all instances, the taxpayer was paid by the contractors and not by the United States government. The record further reveals that in no case did the taxpayer contract with the United States government, its departments, or its agencies.
The idea of imposing sales tax on prime contractors of the federal government is not new. Alabama v. King & Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3 (1941). Likewise, there is no prohibition against a tax imposed on federal government contractors simply because the burden of the tax is passed on economically by the terms of the contract to the federal government. Alabama v. King, supra.
The taxpayer argues, however, that Ala.Code 1975, § 40-23-4(a)(17), allows the transactions in question to be exempt from sales tax. As noted above, this code provision in substance exempts sales to the United States government. This provision has been interpreted by the Department in its Sales Tax Regulations, as follows:
“810-6-3-.72.02. United States, Sales to. Where construction materials or other tangible personal property is ordered by, sold directly to, and paid for by the Federal Government, its departments, or its agencies, such sales are not subject to the Alabama sales tax. In such case the determining factors are whether or not the property is ordered and paid for by and delivered to the Federal Government, its departments, or its agencies.”
It appears to this court that, in order for the taxpayer to fall within the application of § 40-23-4(a)(17), the property must have been ordered by and sold directly to the federal government. Likewise, it must have been paid for by the government, its departments, or its agencies. See Alabama v. King, supra; Alabama Department of Revenue, Rule 810-6-3-.72.02. Here, the property was ordered by the prime contractors and paid for by the prime contractors, not by the federal government. Consequently, the transactions in issue are not in this instance sales to the federal government, see Alabama v. King, supra, and are therefore taxable.
As concerns the taxpayer’s alternative argument that the sales were wholesale sales and therefore tax exempt, we also disagree. Alabama v. King, supra, also addressed this issue and held that the subsequent transfer of title from the prime contractor to the United States government does not make a sale from a subcontractor (here taxpayer) to a contractor a wholesale sale.
In view of the above, the trial court erred in holding that (I) the sales to the out-of-state buyers were exempt from sales tax and that (II) the sales to the prime contractors were exempt from sales tax. Its judgment is therefore reversed.
This case is due to be reversed and remanded with instructions to enter a judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.