ROBERTSON, Judge.
This is a workmen’s compensation case.
In July 1982, the employee, Marvin Jow-ers, was severely injured while working for his employer, Steve Williams. Since the date of the accident, the employer’s insur- *360 anee carrier has paid the employee weekly benefits.
On October 21,1988, the employee filed a complaint in the circuit court, alleging that he was entitled to permanent total disability compensation benefits because it is conceded that he was permanently and totally disabled. Initially, the employer filed a motion to dismiss for failure to state a claim upon which relief could be granted, which was denied by the trial court.
Following the court’s denial of the employer’s motion to dismiss, the employer answered, admitting that the employee was permanently and totally disabled and asserting that the employee was currently being paid permanent total disability benefits, which was all the relief that he requested in his complaint.
The employee subsequently moved for summary judgment, alleging that no material fact existed and that he was entitled to judgment as a matter of law.
The employer then filed a “motion for reconsideration” in which it asked the court to reconsider its denial of the motion to dismiss. On the same day, the employer filed a summary judgment motion, alleging that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law.
Although the language of the court’s order indicates that the case was “dismissed,” we note that when a trial court rules on a motion to dismiss for failure to state a claim upon which relief can be granted and considers matters outside the pleadings, the motion is converted into a motion for summary judgment. Rule 12(b), A.R.Civ.P., Carmichael v. Riley, 534 So.2d 280 (Ala.1988). In this case, the court’s order was entered with the benefit of affidavits, letters, and a check from the employer's insurance carrier. Thus, the court’s order must be considered a summary judgment.
In general, when both parties file motions for summary judgment, the court’s grant of either party’s motion is unwarranted if a genuine factual dispute exists. Taylor v. Waters, 477 So.2d 441 (Ala.Civ.App.1985). On the other hand, we recognize that cross motions for summary judgment may indicate that no factual dispute exists when the motions reflect agreement concerning applicable legal theories and dispositive material facts. Taylor.
We have examined the pleadings, the opposing summary judgment motions, and the evidence submitted in support of each and note that the employer alleges that the employee is already receiving permanent total disability benefits. In support of its position, the employer submitted the affidavit of the senior claims supervisor of the employer’s insurer, who stated that the employee was already receiving permanent total disability benefits.
The employee’s complaint alleges that he is permanently and totally disabled, which the employer admits in his answer. However, the employee submitted a copy of one of his benefits checks which bears a notation suggesting the payments were in the form of temporary total disability payments. However, since both parties agree that the employee is permanently and totally disabled, no genuine factual dispute exists.
Section 25-5-57(a)(l), Code 1975, provides that when an employee’s temporary total disability becomes permanent, his compensation is then governed by § 25-5-57(a)(4), Code 1975, which is the section setting out the compensation schedule for permanent total disability. Both parties have agreed that the employee is permanently and totally disabled due to a work-related accident that occurred while he was working for the employer. Thus, the employee is entitled to the entry of a summary judgment declaring him permanently and totally disabled.
Therefore, the judgment of the trial court is reversed, and we remand with directions to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur in result only.