**O. R. (Jack) ALLEN, Appellant,**

v.

**DEMPSTER MILL MFG. COMPANY, Appellee.**

**No. 7606.**

Court of Civil Appeals of Texas.

Amarillo.

April 18, 1966.

Rehearing Denied May 16, 1966.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant, Max Sherman, Amarillo, of counsel.

Culton, Morgan, Britain & White, Amarillo, for appellee, Ray W. Richards, Amarillo, of counsel.

NORTHCUTT, Justice.

This is an action brought by O. R. Allen against Dempster Mill Mfg. Company to recover wages under a written contract of employment. For convenience, Allen will be hereafter referred to as appellant and Dempster Mill Mfg. Company as appellee. Appellant had been an employee of appellee for several years as Branch Manager but had reached the age of retirement. Appellant had informed appellee that he did not want to retire. Appellee granted appellant a postponement of his retirement and entered into a written contract thereby employing appellant as Branch Manager for one year beginning December 1, 1963, and ending November 30, 1964. The contract provided it was subject to cancellation by either party upon written notice to the other party. Appellant was retired on June 30, 1964, and brought this suit to recover the compensation due him for the remaining five months of the contract.

The case was submitted to a jury upon two special issues. The first issue inquired if appellee gave appellant written notice that the employment contract in question was cancelled. The second issue inquired if appellee gave appellant oral notice that the employment contract in question was cancelled. The jury answered both issues "No." Upon motion of appellee for a judgment non obstante veredicto the trial court entered judgment that appellant take nothing by his suit and that appellee go hence with its costs. From that judgment appellant perfected this appeal.

Appellant presents this appeal upon three assignments of error contending the court erred in granting appellee's judgment for non obstante veredicto because the jury's answers showed appellant was entitled to judgment; the court erred in overruling appellant's motion for judgment on the verdict because the jury's answer showed appellant was entitled to a judgment; and that the court erred in holding that there was no evidence to support the jury verdict for appellant.

Under the terms of the contract here involved either party had the right to cancel the contract by giving written notice to the other party. Appellant testified the appellee had a retirement program and the normal retirement age in accordance with that program was sixty-five years. Appellant reached his sixty-fifth birthday on December 31, 1963. Appellee pleaded that appellee prior to June 30, 1964, orally notified appellant that the contract had been terminated and Mr. Dempster testified he came to Amarillo and told appellant that he was to be retired effective June 30, 1964. On July 3, 1964, appellant signed notice of his retirement stating his retirement would be in effect on June 30, 1964. Then just above his signature is the exact statement made by him as follows: "I understand that on the basis of the facts indicated above my retirement will become effective in accordance with the terms of group annuity contract."

At all times thereafter appellant accepted each monthly retirement check. Certainly, appellant could not expect to receive his salary as provided under the contract and at the same time receive his retirement checks. We think under the undisputed record in this case appellant waived written notice of cancellation of the contract here involved and is estopped to insist upon requiring appellee to employ appellant for the remaining five months of the contract. It is stated in Foster v. L. M. S. Development Co., Tex.Civ.App., 346 S.W.2d 387 (N.R.E.) as follows:

"Ordinarily waiver and estoppel are fact questions, but if the evidence is undisputed as to the material facts, as they are in this case, waiver and estoppel may be established as a matter of law. Dallas Farm Machinery Co. v. Minneapolis-Moline Co., Tex.Civ.App., 324 S.W.2d 578, 581; Masterson v. Bouldin, Tex.Civ.App., 151 S.W.2d 301, 305; 43–B Tex. Jur. 491; 31 C.J.S. Estoppel § 163 p. 461."

See also Blalock v. Jones, Tex.Civ.App., 1 S.W.2d 400 (error dismissed); Kennedy v. McMullen, Tex.Civ.App., 39 S.W.2d 168 (error ref.); General Finance And Guaranty Company v. Smith, Tex.Civ.App., 309 S.W.2d 531 (N.R.E.).

Appellee pleaded appellant was estopped to contend that he was not retired. Appellant's retirement was to take effect on June 30, 1964, and his first monthly retirement payment began July 1, 1964. Appellant having signed the above-mentioned statement showing his retirement was effective on June 30, 1964, and having received and accepted the monthly retirement checks since that time, we think appellant has waived his right to recover his salary after June 30, 1964, under the terms of the contract here involved and is estopped to make such claim. We overrule each and all of appellant's points of error.

Judgment of the trial court is affirmed.