RICHARD L. HOLMES, Retired Appedate Judge.
The City of New Hope, Alabama (City), filed a complaint against Jonathan Richard Cobb, adeging that Cobb was violating the subdivision regulations and zoning ordinances of the City. The basis for the City’s allegations was that there were three fami-des occupying two structures which Cobb had constructed on his property and that the structures were located in an area zoned R-l for single-famdy residential use.
The City requested that the trial court order Cobb either to remove the two structures or, in the alternative, to convert the structures into a single-famdy residence with a garage.
Cobb filed an answer, adeging waiver and estoppel as affirmative defenses. Cobb’s answer also contained a demand for a jury trial. The City filed a motion to strike the jury demand, which was granted.
After a non-jury trial, the trial court issued an order, finding in favor of the City and ordering Cobb to comply with the City’s zoning ordinance within 90 days of the date of the order.
Cobb filed a motion for a new trial, which was denied by operation of law. Cobb appeals.
On appeal Cobb contends that the trial court committed reversible error when it granted the City’s motion to strike his demand for a jury trial. It is Cobb’s contention that he should have been allowed to present his case to a jury on the question of whether estoppel should be applied against the City in this case.
Additionally, Cobb contends on appeal that the City should be estopped from enforcing its zoning ordinance. The basis for Cobb’s estoppel argument is that the City’s administrative officer issued the building permits that allowed Cobb to construct the two structures (a garage and a single-story house with a built-in apartment), which he current *1377 ly rents to three families. Cobb contends that because the City allowed him to construct the structures on his property, then it should be estopped from its attempts to deny him the use of these structures.
Ala. Const, art. I, § 11 states as follows: “the right of trial by jury shall remain inviolate.” This section has been interpreted to mean “that a jury trial is preserved only with respect to those cases which would have been triable by jury at common law.” Finance, Investment, & Rediscount Co. v. Wells, 409 So.2d 1341, 1343 (Ala.1981). However, as seen below, we need not, in this instance, specifically address Cobb’s contention regarding the trial court’s actions in striking his jury demand.
The question of whether the facts presented adequately establish estoppel is generally one for the jury to decide. Alabama Power Co. v. Gielle, 373 So.2d 851 (Ala.Civ.App.1979). However, if only one reasonable inference can be drawn from the evidence presented, then the question of whether estoppel has been proven becomes one of law for the court. Taylor v. Waters, 477 So.2d 441 (AIa.Civ.App.1985).
We would note that while a building permit allows the holder of the permit to construct a structure, the use of both the property and the structures located on the property is governed by the zoning ordinance.
This court stated the following in Foster & Kleiser Outdoor Advertising, Inc. v. University Furniture Galleries, Inc., 500 So.2d 29, 31 (Ala.Civ.App.1986):
“[Foster and Kleiser Outdoor Advertising, Inc.,] also submits that we should consider the fact that it applied for a permit [to build the sign] which the City issued and that it built its sign in good faith relying on that permit. This is an estoppel argument. It has been determined that a city cannot be estopped from denying an illegally issued building permit — that is, one in violation of local statutes.”
Consequently, the mere fact that the City issued building permits to Cobb for the construction of the garage and the single-story house with a built-in apartment does not allow Cobb to violate the City’s zoning ordinance. In fact, we would note that the building permits that the City issued to Cobb contain the following statement on the face of the permits: “It is understood that any permit will not grant any right or privilege to erect any structure or to use any premises herein described for any purpose or in any manner prohibited by the Zoning Ordinance of the CITY OF NEW HOPE, ALABAMA.”
In the present case, only one reasonable inference could be drawn — Cobb is not entitled to violate the City’s zoning ordinance based upon the mere fact that the City issued building permits to him. Consequently, the question of whether estoppel was proven became one of law for the court. Taylor, 477 So.2d 441. Any error committed by the trial court in granting the City’s motion to strike Cobb’s jury demand is harmless error. Rule 45, Aia.R.App.P.
In light of the above, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.