**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-40848
_____

John Bott,
                                                          Plaintiff

Mid-Continent Casualty Company,
            Intervenor Plaintiff - Counter Defendant - Appellee

                                                          versus

J.F. Shea Company, Incorporated; Shea/Keefe,
      Defendants - Third Party Plaintiffs - Counter Claimants -
                                                          Appellants

                                                          versus

Gulf Coast Grouting, Incorporated,
                              Third Party Defendant - Appellee.

_____

            Appeal from the United States District Court
                 for the Southern District of Texas
_____
                         August 2, 2002

Before KING, Chief Judge,  PARKER, and CLEMENT, Circuit Judges.

CLEMENT, Circuit Judge:

I.  Facts and Proceedings

     This case arises out of a personal injury suit brought by John

Bott ("Bott") against a joint venture known as Shea/Keefe and J.F.

Shea Co., Inc.  In an attempt to bid and win a construction

project, J.F. Shea entered into a joint venture with L.J. Keefe

Co.[1]  Shea/Keefe was awarded construction projects to build five portions of a sewer line for the City of Houston.  Shea/Keefe hired Gulf Coast Grouting, Inc. ("Gulf Coast") to do the grouting work on the project.  The contract provided that Shea/Keefe must receive certificates of insurance before work could commence and further provided that Gulf Coast was to secure insurance coverage naming Shea/Keefe as an additional insured.

Gulf Coast obtained insurance from Mid-Continent Casualty Company ("Mid-Continent") listing J.F. Shea as an additional insured.  By letter, Shea/Keefe instructed Gulf Coast to name J.F. Shea as the additional insured although the subcontract provided that Shea/Keefe was to be named as an additional insured.  After the insurance was obtained from Mid-Continent, Gulf Coast sent certificates of insurance to Shea/Keefe indicating that J.F. Shea was an additional insured on the policy on two separate occasions.  Shea/Keefe did not object to the certificates naming J.F. Shea as an additional insured and allowed work to commence on the project.

On February 9, 1998, Bott, an employee of Gulf Coast, was injured while working in a sewer line tunnel shaft.  Bott filed a negligence suit against Shea/Keefe and J.F. Shea.  Gulf Coast and Mid-Continent were joined as third party defendants.  Shea/Keefe

---

[1] The joint venture agreement provided that J.F. Shea would oversee the daily operations of the project.  Interests of the joint venture in profits and losses were proportionally divided such that J.F. Shea was responsible for 80% of the job and Keefe for only 20%.

filed a third party complaint against Gulf Coast for indemnity under the Construction Subcontract Agreement ("subcontract") or, alternatively, for breach of contract. Bott's claims against Shea/Keefe were settled by Shea/Keefe and cross motions for summary judgment were filed by all parties on the issues of indemnity and additional insured coverage.

Shea/Keefe requested indemnity from Mid-Continent for Bott's suit and subsequent settlement which was denied. It then filed a motion for summary judgment against Gulf Coast on the indemnity issue and sought coverage as an additional insured from Mid-Continent. The district court denied the summary judgment motions of Shea/Keefe and Gulf Coast as to the indemnity claim. After a jury trial to allocate negligence between Shea/Keefe and Gulf Coast, the jury found that Bott's injuries were caused solely by Shea/Keefe.

Shea/Keefe then filed a summary judgment motion alleging that Gulf Coast breached the subcontract by failing to have insurance coverage naming Shea/Keefe as an additional insured. Gulf Coast filed a summary judgment motion arguing, among other defenses, that Shea/Keefe was estopped from asserting the breach of contract claim. The district court held that the doctrine of quasi-estoppel precluded Shea/Keefe's summary judgment on the breach of contract issue. It further concluded that Shea/Keefe was not an additional insured because it was not named as such in the policy. It also held that J.F. Shea, while named as an additional insured, was not

3

entitled to coverage because its liability was the result of activities stemming from the joint venture with Keefe. Shea/Keefe and J.F. Shea filed a motion for new trial which was denied. Notice of appeal was then timely filed.

## II. Analysis

A. Whether Shea/Keefe is an Additional Insured under the Policy and Therefore Entitled to Coverage.

The district court's determination that Shea/Keefe was not an additional insured is reviewed de novo. *See* <u>Mid-Continent Casualty Co. v. Swift Energy Co.</u>, 206 F.3dd 487, 491 (5th Cir. 2000), *citing*, <u>National Union Fire Ins. Co. of Pittsburgh, Penn. V. Kasler</u>, 906 F.2d 196, 197 (5th Cir. 1990)("The interpretation of an insurance contract, including the question of whether the contract is ambiguous, is a legal determination meriting de novo review.")

Shea/Keefe submits that the district court erred in deny Shea/Keefe additional insured coverage under the Mid-Continent policy. Mid-Continent refused to provide coverage to Shea because the subcontract was between Gulf Coast and Shea/Keefe such that liability did not arise out of operations performed for Shea.

Mid-Continent's primary basis for denying coverage to Shea is because the joint venture clause of the policy precludes such coverage.[2] Even if Shea was an additional insured, it would still

---

[2] Mid-Continent also argued that Shea is not an additional insured, but admits that, pursuant to this Court's decisions in <u>Mid-Continent Casualty Co. v. Swift Energy Co.</u>, 206 F.2d 487 (5th Cir. 2000), and <u>Mid-Continent Casualty Co. v. Chevron Pipe Line</u>

4

be subject to the exclusions in the policy. Section II of the policy, defining who is an insured, contains a final clause stating that "no person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations." Because liability arose out of the joint venture which is not an insured, Shea is not entitled to coverage.

Shea first argues that it is seeking coverage for its own liability and not that of the joint venture. It attempts to persuade the Court that it is entitled to coverage because, while the project may have been conducted under the auspices of Shea/Keefe, it was Shea that managed the daily operations of the project. Shea has failed to demonstrate how its liability is separate from that of the joint venture. Shea's involvement in the project was as the managing partner of a joint venture. Its activities related to the project were not individual. It was the joint venture which contracted with the City of Houston, and it was the joint venture which contracted with Gulf Coast. Additionally, the jury found both Shea and Shea/Keefe liable for Bott's injury.

Second, Shea asserts that the additional insured endorsement renders the joint venture exclusion inapplicable, and the policy language is ambiguous because it does not refer to additional insureds. The policy is not ambiguous nor does the additional

---

Co., 205 F.3d 222 (5th Cir. 2000), Shea is so qualified because its liability has a sufficient connection to Gulf Coast's work.

5

insured endorsement render the joint venture clause inapplicable. The endorsement clearly states that Shea is to be an insured. It specifically states that Section II, defining who is an insured, "is amended to include as an insured the person or organization shown in the Schedule." The joint venture exclusion states that "any organization you newly acquire or form, other than a partnership or joint venture, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization." The policy makes Shea an insured, but liability arose out of a joint venture which is expressly excluded from coverage. Shea/Keefe is not covered. We therefore affirm the district court's determination that Shea/Keefe was not entitled to coverage.

B.   Whether the District Court Erred in Holding That the Doctrine of Quasi-Estoppel Barred Shea/Keefe's Breach of Contract Claim Against Gulf Coast.

The district court granted summary judgment on the issue of whether Shea was estopped from asserting its breach of contract claim. This Court reviews the granting of summary judgment de novo. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

In determining that Shea was estopped from asserting the breach of contract claim, the district court held that "it would be unconscionable" to find a breach for failure to name Shea/Keefe as an additional insured after Shea/Keefe acquiesced in Gulf Coast's

6

noncompliance by accepting the certificates naming Shea and by allowing Gulf Coast to complete its work. The court concluded that Shea/Keefe took an inconsistent position and acquiesced in Gulf Coast's breach and was therefore estopped from asserting it. We disagree.

The doctrine of quasi-estoppel

> precludes a party from asserting, to another's disadvantage, a right inconsistent with a position [it has] previously taken. The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit.

Stinnett v. Colorado Interstate Gas Co., 227 F.3d 247, 258 (5th Cir. 2000), *citing*, Lopez v. Munoz, Hockema & Reed, L.L.P., 22 S.W.3d 857, 864 (Tex. 2000). We recently analyzed the basis of the estoppel doctrine under Texas law in Long v. Turner, 134 F.3d 312, 318 (5th Cir. 1998). In Long, we noted that a precise description of the core basis of estoppel is that "one who retains benefits under a transaction cannot avoid its obligations and is estopped to take an inconsistent position." Id., *citing*, Vessels v. Anschutz Corp., 823 S.W.2d 762, 766 (Tex.App.-Texarkana 1992, writ denied)(citations omitted). We noted that quasi-estoppel is "inapplicable where the conduct allegedly giving rise to the estoppel is not shown to have benefitted a party sought to be estopped." Long, 314 F.3d at 318. Several Texas courts and this Court have subsequently interpreted the doctrine to "appl[y] when it would be unconscionable to allow a person to maintain a position

7

inconsistent with one to which he acquiesced, or from which he accepted a benefit." Stinnett v. Colorado Interstate Gas Co., 227 F.3d 247 (5th Cir. 2000); Lopez v. Munoz, Hockema & Reed, L.L.P., 22 S.W.3d 857, 864 (Tex. 2000); Atkinson Gas Co. v. Albrecht, 878 S.W.2d 236, 240 (Tex.App.--Corpus Christi 1994, writ denied); Vessels v. Anschutz Corp., 823 S.W.2d 762, 765-66 (Tex.App.--Texarkana 1992, writ denied).

Gulf Coast also argued to the district court that Shea/Keefe waived any claim that Gulf Coast breached the subcontract based on Shea/Keefe's intentional and inconsistent conduct.[3] Waiver is defined in Texas as the intentional relinquishment of a known right, or intentional conduct inconsistent with claiming that right. Sun Exploration & Prod. Co. v. Benton, 728 S.W.2d 35, 37 (Tex. 1987). Shea/Keefe submits that the fact that Gulf Coast was allowed to commence work and was paid for completing that work does not constitute a release of Shea/Keefe's contractual rights. Section 11 of the subcontract states that

> Contractor's failure to enforce any of the provisions of this Section 11 shall not act as a waiver of Subcontractor's obligation to procure the required insurance or as a waiver to enforcement of any of these previous provisions at a later date.

Gulf Coasts contends that the non-waiver position does not preclude a finding that Shea/Keefe waived its claim. While non-waiver

---

[3] The district court did not rely on the waiver issue in granting summary judgment.

8

clauses are evidence that a party did not waive a contractual right, the parties actions may nonetheless constitute waiver. *See* Enserch Corp. v. Rebich, 925 S.W.2d 75, 82 (Tex.App.-Tyler 1996)(citations omitted).

This case simply does not give rise to a claim of quasi-estoppel. The factual scenario is based on mutual negligence and incompetence. Gulf Coast and Shea/Keefe entered into a contract which, in pertinent part, required Gulf Coast to obtain insurance coverage for the joint venture. The contract was unambiguous on this point. Subsequent to the signing of the contract, a letter was sent from Shea/Keefe to Gulf Coast instructing it to obtain insurance naming J.F. Shea. Gulf Coast asserts that it merely followed the instructions of Shea/Keefe to name J.F. Shea as an insured under the Mid-Continent policy. Gulf Coast's reliance on a letter, when it was aware of the unambiguous terms of the contract, was careless at the very least. In the same vein, Shea/Keefe was negligent in sending a letter requiring Gulf Coast to obtain insurance for J.F. Shea and not Shea/Keefe. Additionally, the contract provided that Gulf Coast could not commence work until it provided Shea/Keefe with the appropriate certificates of insurance. Gulf Coast, on two occasions, presented certificates to Shea/Keefe naming J.F. Shea as an insured. At no time did Shea/Keefe question or correct the improper party listed on the certificates. Furthermore, Shea/Keefe not only allowed Gulf

9

Coast to commence work but to complete it. These facts set up a claim for waiver and not estoppel. It was inappropriate for the district court to grant summary judgment based on an equitable defense when there was a contract in place with provisions that would adequately address the issues arising from these facts. Whether or not Shea/Keefe's actions constituted a waiver of the waiver clause provision of the subcontract, however, is a fact bound inquiry which we cannot address.

### III. Conclusion

We affirm the district court's grant of summary judgment as to Mid-Continent's position that Shea/Keefe was not afforded coverage under the policy. The policy clearly named J.F. Shea as an additional insured, and the joint venture exclusion of the policy prevented Shea/Keefe from being covered thereunder. We reverse the district court's grant of summary judgment to Gulf Coast on the theory of quasi-estoppel and remand for further proceedings consistent with this opinion.