MYERS, J.,
for the Court.
STATEMENT OF THE CASE
¶ 1. This case involves a dispute between an insurer and ah insured concerning the coverage for damage caused in a motorcycle accident. The trial court issued a judgment notwithstanding the verdict and a directed verdict in favor of defendant, Progressive Gulf Insurance Company, on plaintiff Stetson King’s claims for “bad faith” and punitive damages. We are asked to determine whether the judgment notwithstanding the verdict and directed verdict were proper. Finding no error, we affirm the trial court’s judgment.
STATEMENT OF FACTS
¶2, In July 2001, Stetson King purchased a 2002 Kawasaki Ninja motorcycle. On August 15, 2001, King procured insurance coverage for the motorcycle through Progressive Gulf Insurance Company.(Progressive) Fourteen days later, August 28, 2001, King was involved in an accident, in which he slid on some rocks and laid the motorcycle down on its left side. King reported this loss to his insurance carrier and a claims adjuster was sent to observe the damage to the motorcycle. The claims adjuster recognized $735.83 worth of damage to the left side of King’s motorcycle. The adjuster further noticed $2,268.94 worth of damage to the right side of King’s motorcycle. The adjuster noted that the right side damage would require further inspection, as rust had developed on portions of the damage, indicating that the damage occurred prior to the left side damage.
¶ 3. Progressive conducted further inquiry into the damage and determined that the right side damage was inconsistent with a left side slide as was reported by King. In making its determination, Progressive relied on the fact that no damage was done to the windshield, the difference in direction of the damage on both sides of the motorcycle; and the vague explanation by King regarding the accident (King would not tell Progressive how the right side damage occurred; he just stated that it fell on its left side and slid, and that he was unsure what else happened). Progressive tendered payment in the amount of $485.83 ($735.83 in damage, less $250 deductible) to cover the left side damage to the motorcycle. Progressive then continued with the right side damage to the motorcycle under a reservation of rights. The parties could not agree on the circumstances, and a trial on the matter resulted.
¶ 4. At trial, King was awarded $15,000 by the jury. Afterwards, the trial judge granted Progressive’s motion for JNOV, holding that the evidence presented did not support the jury’s award. Further, the trial judge denied King’s request for a punitive damage instruction. It is from these two rulings that King appeals, raising the following two issues:
I. WHETHER THE TRIAL COURT ERRED BY GRANTING PROGRESSIVE’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT?
II. WHETHER THE TRIAL COURT ERRED BY DIRECTING A VERDICT IN FAVOR OF PROGRESSIVE ON THE ISSUE OF PUNITIVE DAMAGES?
LEGAL ANALYSIS
I. WHETHER THE TRIAL COURT ERRED BY GRANTING PROGRESSIVE’S MOTION FOR JUDGMENT *1067 NOTWITHSTANDING THE VERDICT?
STANDARD OF REVIEW
A motion for JNOV made under the procedural vehicle of M.R.C.P. 50(b), requires the trial court to test the legal sufficiency of the evidence supporting the verdict, not the weight of the evidence. Tharp v. Bunge Corp., 641 So.2d 20, 23 (Miss.1994). See M.R.C.P. 50(b). In order to rule on a motion for JNOV, the trial court is required to consider the evidence in the light most favorable to the non-moving party, giving that party the benefit of all favorable inferences that reasonably may be drawn therefrom. Corley v. Evans, 835 So.2d 30, 36 (Miss.2003) (quoting Goodwin v. Derryberry Co., 553 So.2d 40, 42 (Miss.1989)).
“If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render.” Corley, 835 So.2d at 37. See also Steele v. Inn of Vicksburg, Inc., 697 So.2d 373, 376 (Miss.1997); Bankston v. Pass Road Tire Ctr., Inc., 611 So.2d 998, 1003 (Miss.1992); McMillan v. King, 557 So.2d 519, 522 (Miss.1990). Furthermore, when the plaintiff fails to establish a prima facie case showing the elements of the cause of action, JNOV is proper. Bankston, 611 So.2d at 1001.
“On the other hand, if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required.” Corley, 835 So.2d at 37. See also McMillan, 557 So.2d at 522.
. In reviewing a circuit court decision on a motion for JNOV, this Court does not defer to the circuit court’s decision but rather reviews the matter de novo. Northern Elec. Co. v. Phillips, 660 So.2d 1278, 1281 (Miss.1995).
Wilson v. General Motors Acceptance Corp., 883 So.2d 56, 63-4 (¶¶ 21-24) (Miss.2004).
DISCUSSION
¶ 5. King argues that the trial court erred by granting Progressive’s motion for judgment notwithstanding the verdict, as the jury’s verdict was supported by the evidence presented and that the award was not “so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous.” Rodgers v. Pascagoula Pub. Sch. Dist., 611 So.2d 942, 945 (Miss.1992). King argues that the expert witnesses used in the presentation of his casein-chief demonstrated that it was possible for a motorcycle to sustain damage on both sides during a sliding accident and, therefore, the jury’s verdict was proper.
¶ 6. Progressive contends that the evidence presented by King did not support the jury’s verdict. Progressive states that a left side slide , occurred and there was no explanation given for how the right side damage 'occurred. Progressive argues that due to this lack of explanation, a payable right side damage claim was not established, because “the damage to the right side was inconsistent with the facts of loss as reported.” Therefore, Progressive argues, the right side claim is not payable under the plain terms of the pohcy and the trial judge’s grant of JNOV was proper.
¶ 7. King on numerous occasions had the opportunity to explain how the right side of the motorcycle was injured in a left side slide accident. At no point during the investigation by Progressive or at trial did King provide a plausible explanation for *1068 how this right side damage occurred. Progressive was under no duty to cover the right side damage if the damage was not covered by the policy. King produced no evidence to explain how the right side damage was caused in a left side slide.
¶ 8. Finding no evidence to support King’s claim that the right side damage was caused in the left side slide accident, we affirm the trial court’s granting JNOV.
II. WHETHER THE TRIAL COURT ERRED BY DIRECTING A VERDICT IN FAVOR OF PROGRESSIVE ON THE ISSUE OF PUNITIVE DAMAGES?
STANDARD OF REVIEW
¶ 9. “A trial court’s decision not to send punitive damages to the jury will only be reversed upon a finding of an abuse of discretion.” Tillman ex rel. Migues v. Singletary, 865 So.2d 350, 354 ¶ 18 (Miss.2003).
DISCUSSION
¶ 10. King argues that the trial court erred in directing a verdict in favor of Progressive on King’s punitive damages claim. King argues that Progressive acted in bad faith through their lack of investigation. In order to recover punitive damages from an insurer, the insured must prove by a preponderance of the evidence that the insurer acted with (1) malice or (2) gross negligence or reckless disregard for the rights of others. Universal Life Ins. Co. v. Veasley, 610 So.2d 290, 293 (Miss.1992). King argues that although two inspections of the motorcycle were made by two different representatives of Progressive, within two weeks of the accident, the investigation was inadequate as neither had visited the scene of the accident. Further, King argues that Progressive did not act reasonably because none of the individuals involved in investigating the claim were qualified to act in the field of accident reconstruction and therefore would be unable to determine whether King’s version of events was plausible.
¶ 11. Progressive argues that the motorcycle was purchased brand new the month before the accident for “between $3,000 and $4,000” as King testified. Progressive contends that, at most, Progressive would be liable to King in the amount of $2,268.94, the amount of damage incurred on the right side of the motorcycle. Further, Progressive contends the additional $12,731.06 awarded by the jury constitutes extra-contractual damages which are not recoverable as a matter of law.
¶ 12. King testified that he had been a little upset from the wreck and his father stated that he was not really talking much. Even if true, and the jury awarded the additional amount to King for any type of mental anguish, Mississippi case law states that “damages for mental anguish and emotional upset cannot be considered in absence of finding ‘an independent tort separate from the breach of contract.’ ” Life & Cas. Ins. Co. of Tenn. v. Bristow, 529 So.2d 620, 624-25 (Miss.1988). “If an insurance company has a legitimate reason or an arguable reason for failing to pay a claim, punitive damages will not lie.” Pioneer Life Ins. Co. of Illinois v. Moss, 513 So.2d 927, 929 (Miss.1987). Progressive made reasonable efforts to investigate the cause of the damage to the right side of King’s motorcycle. They sent two separate investigators to inspect the motorcycle and interview King. Progressive then provided King with compensation for the damage to the left side of his motorcycle and continued to investigate and wait upon King to provide an explanation for the damage to the right side. King did not provide any explanation for this damage during the investigation or at trial other than his statements that the damage oc *1069 curred during the left side slide. The differing degrees of rust on the two sides of the motorcycle and the direction of the damage marks provided Progressive with a reason to inquire further than just accepting as true King’s statements that the damage occurred in one single accident. The actions of Progressive in investigating the accident and its obligation to pay for the damages to King’s motorcycle were legitimate and reasonable and were not tortious. As such, the trial judge’s denial of a punitive damages instruction was proper.
¶ 13. Finding that the trial court did not abuse its discretion in directing a verdict in favor of Progressive, we affirm.
CONCLUSION
¶ 14. Finding that King did not provide an explanation for the cause of the damage to the right side of his motorcycle from a left side slide accident, we affirm the trial court’s grant of Progressive Gulf Insurance Company’s motion, for judgment notwithstanding the verdict. In granting a directed verdict in favor of Progressive Gulf Insurance Company on the issue of punitive damages, we affirm.
¶ 15. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR.