CARLTON, J.,
concurring in part and dissenting in part:
¶ 65. I respectfully dissent in part and concur in part with the majority. I find that the record reflects that substantial evidence[4] exists in support of the jury verdict herein. U.S. Fidelity and Guar. Co. of Miss. v. Martin, 998 So.2d 956, 964 (¶ 19) (Miss.2008) (“A motion for [a] JNOV is a challenge to the legal sufficiency of the evidence, and this Court will affirm the denial of a JNOV if there is substantial evidence to support the verdict.”).[5] In Busick v. St. John, 856 So.2d 304, 307 (¶ 7) (Miss.2003), the Mississippi Supreme Court set forth that:
When the jury has returned a verdict in a civil case, we are not at liberty to direct that judgment be entered contrary to that verdict short of a conclusion on our part that, given the evidence as a whole, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could have found as the jury found. Snapp v. Harrison, 699 So.2d 567, 569 (Miss.1997); Starcher v. Byrne, 687 So.2d 737, 739 (Miss.1997); Junior Food Stores, Inc. v. Rice, 671 So.2d 67, 76 (Miss.1996); Bell v. City of Bay St. Louis, 467 So.2d 657, 660 (Miss.1985). “In reviewing a jury verdict, this Court resolves all conflicts of evidence in the appellee’s favor and determines all reasonable inferences from testimony given towards the appellee’s position. Reversal occurs only where the facts presented are so overwhelming in favor of the appellant’s position that reasonable jurors could not have found for the appellee.” Thompson Mach. Commerce Corp. v. Wallace, 687 So.2d 149, 151-52 (Miss.1997) (citations omitted).
¶ 66. Fore, in its motion for rehearing, also asserts that the majority misapprehended the law by applying an erroneous *772 standard for reviewing a jury verdict. Among other cases, Fore cites to In re Estate of Dabney, 740 So.2d 915, 919 (Miss.1999), and McMillan v. King, 557 So.2d 519, 522 (Miss.1990), in support of its argument. Fore argues that the evidence in the record súpports the jury verdict on the theory presented to the jury; thus, the judgment must be affirmed. Fore argues that the majority erroneously believed that TCB was entitled to a judgment as a matter of law. Fore correctly points out that since TCB challenged the jury verdict, on appeal, the evidence must be considered in the light most favorable to Fore. Busick, 856 So.2d at 307 (¶ 7). I note that the Mississippi Supreme Court has provided clear precedent on many occasions regarding the deferential appellate standard for reviewing jury verdicts. See Snapp, 699 So.2d at 569; Starcher, 687 So.2d at 739; Junior Food Stores, 671 So.2d at 76; Bell, 467 So.2d at 660.
¶ 67. In the case before us, the jury found in favor of TCB as to the existence of the disputed oral modification finding TCB orally agreed with Fore to perform as Fore’s subcontractor in the removal of debris south of Highway 53 as a modification to its existing subcontract with Fore for work north of Highway 53. Fore unsuccessfully claimed that TCB had removed debris south of Highway 53 in violation of its contract and billed that debris as though collected in Zone 2, an area north of Highway 53 and covered by the written subcontract between TCB and Fore. Fore denied agreeing to allow TCB to haul debris south of Highway 53, and albeit unsuccessful, Fore denied possessing any knowledge that TCB was hauling debris from south of Highway 53 in violation of the1 contract.
If 68. After finding that the oral modification occurred, the jury then awarded TCB the amount of $4,098,314.33 for performing, the oral modification of debris removal south of Highway 53.' A review of the jury instructions[6] shows the trial court instructed the jury that if they found a modification existed, then they were to. award TCB an amount equal to all cubic yardage for debris hauled by TCB for Fore at a rate of $8.90 per cubic yard, less any payments made by Fore to TCB. Similarly, the jury instruction setting forth the special interrogatories provided no sum certain for any award, and it contained no references to the invoices. Clearly, no jury instruction informed the jury of any requirement to award a sum certain to TCB in the event the jury found such modification to exist. The jury-instruction conference shows TCB failed to assert a request for an instruction seeking any sum certain.
¶ 69. I concur with the trial judge’s finding that disputes of material fact existed as to the oral modification as shown by the conflicting testimony and Fore’s denial. I, therefore, find no abuse of discretion in the trial court’s denial of TCB’s request for a directed verdict as to the modification. Like the trial court, I find equitable estoppel fails to apply where disputes of material fact exist as to the alleged repre *773 sentation or oral agreement, particularly where as in this ease, the disputed representation constitutes the alleged representation or promise upon which the other party allegedly relied to their detriment. The trial court explained that the debate of material fact was not really over whether or not the invoices to the County and payments from the County to Fore were consistent to the penny with the amount of cubic yards purported to have been removed. Rather, it explained that the question was whether nor not the debris removal south of Highway 53 was authorized by the disputed oral modification to the subcontract. Clearly, such disputed material facts lie within the jury’s province to resolve.
¶ 70. With respect to the related doctrine of quantum meruit mentioned in TCB’s post trial filings, the record shows that during the jury-instruction conference, TCB acknowledged that it failed to put on proof of reasonable certain compensation, other than the contract terms, as is required to recover on a theory of quantum meruit. See Tupelo Redevelopment Agency v. Gray Corp., Inc., 972 So.2d 495, 514-15 (¶¶ 56-59) (Miss.2007). After reviewing the findings of the trial court, I will return to address the application by the majority of estoppel by operation of law to reverse the jury verdict herein.
¶ 71. The jury found for Fore in its counterclaim against TCB, returning a verdict finding that Fore overpaid TCB for debris removal north of Highway 53. The record also shows that some of TCB’s bills should not have been submitted to Fore for compensation. Therefore, since the jury verdict as to the counterclaim was also supported by substantial evidence, I respectfully submit that our standard of review requires affirmance of the jury’s verdict as to the counterclaim as well.
¶ 72. I concur with the majority’s opinion on the issue of punitive damages. Upon review, I find no abuse of discretion in the trial court’s grant of Fore’s request for a directed verdict on the issue of punitive damages, since a question of fact existed as to whether the parties orally modified the written subcontract between them. King v. Progressive Gulf Ins. Co., 913 So.2d 1065, 1068 (¶ 9) (Miss.Ct.App.2005).[7] The record reveals conflicting testimony as whether or not an oral modification occurred as displayed by Fore’s denial and also by its claim that TCB had fraudulently submitted invoices for debris that Fore claims TCB improperly removed south of Highway 53, without authority or contract. Fore argues that TCB submitted invoices for unauthorized work done south of Highway 53 in order to bill more for the zone north of Highway 53, the area covered by TCB and Fore’s written subcontract. The special interrogatory jury instructions and verdict show that the jury voted 9 to 3 in finding a modification existed. Showing a factual dispute, the fact-finder disagreed as to the existence of an oral modification and failed to provide a unanimous verdict as to this issue of fact.
¶ 73. I also find that the trial court properly awarded prejudgment interest from the date of the complaint, since such an award is within the trial court’s discretion. Gordon v. Gordon, 929 So.2d 981, 984 (¶ 14) (Miss.Ct.App.2006). I note the damages were not liquidated,[8] and the trial court also found insufficient evidence of bad-faith refusal to pay. The parties not only disputed whether the oral modifica *774 tion existed, but Fore also claimed that TCB had hauled debris and billed for its removal in violation of its contract. Fore claimed TCB submitted invoices as though the debris had been collected in Zone 2, north of Highway 53, the area covered by their subcontract. Fore successfully claimed that TCB received an overpayment. The transcript shows that during the discussion of jury instructions,[9] the trial court acknowledged that the amount of compensation allegedly due remained undetermined and that TCB explained that jury instruction was drafted intentionally leaving the award amount blank. Significantly, the record shows that some of the bills submitted regarding compensation should not have been submitted, and that the trial court also submitted Fore’s counterclaim to the jury.
¶ 74. As stated, I would not apply es-toppel by operation of law to prohibit Fore from presenting its evidence of a denial of a material fact as to the oral modification. Instead, I would affirm the jury verdict since the record reflects substantial evidence in support of the verdict. The majority applies equitable estoppel by operation of law to reverse this case. Jurisprudence establishes that equitable es-toppel should only be used in exceptional circumstances. Eagle Mgmt., LLC v. Parks, 938 So.2d 899, 904 (¶ 12) (Miss.Ct.App.2006) (citing Powell v. Campbell, 912 So.2d 978, 982 (¶ 12) (Miss.2005)). Moreover, equitable estoppel should not be applied by operation of law when disputes of material fact exist, and the trial judge found such disputes existed in this case. “Equitable estoppel [is] generally defined as ‘the principle by which a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion was allowed.’ ” Id.
¶ 75. When disputes as to material facts exist, generally, it is the role of the trier of facts to resolve questions raised by an allegation of estoppel,[10] and the role of the jury in this case was to say whether the modification occurred based upon the disputed facts presented. See also Biglane v. Rawls, 247 Miss. 226, 261, 153 So.2d 665, 681 (1963); Cobb v. City of New Hope, 682 So.2d 1375, 1377 (Ala.Civ.App.1996).[11] In the present case, the oral modification forms the basis of the representation that TCB claims it detrimentally relied upon. The jury must decide whether the disputed facts presented adequately established a claim for estoppel. In Biglane, 247 Miss. at 261, 153 So.2d at 681, Justice Rodgers explained in his dissenting opinion that the universal rule seemed to be that, usually, the question of estoppel constituted a question of fact for the jury, and he acknowledged that “[c]onflicting evidence as to whether certain representations relied on as a basis of estoppel were made precludes the determination, as a matter of law, whether there is an estop-pel.” Justice Rodgers also explained that conflicting evidence raises an issue of fact to be determined by the jury. Id. Therefore, I find no error in the trial court’s *775 determination that a jury question existed since Fore’s denial created a disputed material fact as to whether the oral modification of the subcontract occurred and also as to the amount of compensation.[12] To raise estoppel, the party asserting estoppel must show by a preponderance of the evidence the representation reasonably relied upon as well as a detrimental reliance upon that representation or promise, or the fraudulent conduct in inducement or representation, or unconscionable conduct.[13] The supreme court has also provided that the court would not give effect to equitable estoppel when both parties are both informed except under extraordinary circumstances. McAlister v. McAlis-ter, 254 Miss. 877, 888, 188 So.2d 513, 518 (Miss.1966).
¶ 76. The majority cites to a Texas case, Allen v. Dempster Mill Manufacturing Company, 402 S.W.2d 809 (Tex.Civ.App.1966), in applying equitable estoppel by operation of law. Allen pertains to an employee who kept receiving retirements checks while also receiving a salary, and no dispute of material fact existed.[14] In the present case, however, I concur with the trial judge’s finding that disputes of material fact indeed existed as to the modification and therefore the application of equitable estoppel is inappropriate.[15] The majority finds estoppel bars Fore from denying the oral modification essentially because Fore was unjustly enriched by TCB’s work wherein Fore billed the County for TCB’s invoices and failed to remit payment to TCB.[16] The majority fails to find, however, that no dispute of material fact existed as to the representation or formation of the disputed oral modification to the subcontract. The majority ignores the factual dispute created by Fore’s denial of the oral modification, the very representation TCB claimed detrimental reliance upon. Instead, the majority finds estoppel exists because Fore was unjustly enriched. However, estoppel requires some representation by a party upon which another detrimentally relies, or some fraud in the formation of the agreement or inducement of performance of the other to the other’s detriment, or evidence that refusal to enforce the representation or promise causes injustice or fraud.[17] Additionally, the representation or promise based on the modifications of the subcontract must be shown by sufficient proof. Unjust enrichment alone fails to raise es-toppel.[18] TCB bears the burden of establishing estoppel by a preponderance of the *776 evidence and also bears the burden of proof to establish a modification to establish some representation by Fore upon which TCB allegedly detrimentally relied.
¶ 77. TCB’s post-trial filings comment upon quantum merit, and I will briefly address the applicability of this contractual remedy based upon the evidence and jury instructions in this case. The related contractual remedy of quantum meruit allows for recovery of work done outside of a contract, or not contemplated by the contract. However, TCB failed to present sufficient proof[19] for the jury to consider quantum meruit as a theory of recovery, and TCB failed to sufficiently raise quantum meruit for the jury to consider, as acknowledged by the parties in the jury-instructions conference. Quantum meruit applies as a contractual remedy when a party performs additional work not contemplated by the oral[20] contract that the other party accepts with the knowledge that the other party desires compensation for such services.[21] Quantum meruit offers TCB no solace on appeal since TCB asserted and only provided evidence of the contract price for work required under the disputed oral modification of the subcontract and no evidence or reasonable measure of compensation. See Tupelo Redevelopment Agency, 972 So.2d at 514-15 (¶¶ 56-59). TCB acknowledged an understanding of these requirements for quan-turn meruit as a contractual remedy during the jury-instruction conference. TCB, therefore, admitted inapplicability of quantum meruit since it provided only proof of the contract price and no other amount of reasonably certain compensation.[22] The record reflects that during the jury-instruction conference, TCB possessed no need for an instruction on quantum meruit, as TCB did not think this case constituted a quantum-meruit case.[23] The record shows TCB presented a case for breach of contract, but TCB did not plead, assert, or present necessary proof required for the remedy of quantum meruit. Counsel for TCB stated to the trial judge as follows:
Your Honor, if you’re not going to going to give a quantum meruit instruction for the defense I don’t need this one, and I can’t tell if they are really requesting such an instruction. I don’t think it’s a quantum meruit case because there has been no evidence of a reasonable value other than the $8.90 that we put into evidence. If they’re not going to request a quantum meruit instruction from their viewpoint then I withdraw this one. If they want one, then I want this one.
The trial court then refused the jury instruction, and TCB asserted no objection but, as stated, agreed that this case was not a quantum-meruit case. Consistent with that representation, the jury instructions show that TCB failed to request any *777 instructions for a sum certain. The special interrogatory jury instructions[24] likewise failed to raise the equitable remedies sufficiently that were raised by TCB post-trial and now on appeal. Downtown Grill, Inc. v. Connell, 721 So.2d 1113, 1119 (¶ 19) (Miss.1998) (Plaintiff possessed duty to request jury instructions on his theory of recovery.).
¶ 78. The majority applies quasi-estop-pel by operation of law to prohibit Fore from factually disputing the oral modification. My dissent evaluates the application of quasi-estoppel and also evaluates the application of related doctrines of equitable estoppel and quantum meruit, albeit briefly, while distinguishing between the doctrines.
¶ 79. The majority cites Bailey v. Estate of Kemp, 955 So.2d 777 (Miss.2007), Hoemer v. First National Bank of Jackson, 254 So.2d 754 (Miss.1972), and Wood Naval Stores Export Association v. La-timer, 220 Miss. 652, 71 So.2d 425 (1954). A review of these cases, however, reflects that the decisions substantively support the analysis of this dissent. In Hoemer, the Mississippi Supreme Court explained its application of estoppel as “holding] a person to a representation made or a position assumed where otherwise inequitable consequences would result to another who, having the right to do so, under all the circumstances of the case, has in good faith relied thereon and been misled to his injury.” Id. at 761. In the disputed breach-of-contract case before us, the oral modification of the subcontract constitutes the “representation made or a position assumed,” as described in Hoemer — which TCB seeks to enforce against Fore by use of estoppel. Id. As previously stated, neither the doctrine of quasi-estoppel nor equitable estoppel serve to relieve the party asserting estoppel from proving the contract, representation, promise, or conduct upon with they relied to their detriment. For example, the guaranty agreement in Hoemer constituted a written contract, and the supreme court applied estoppel to prohibit Fred Hoerner from escaping liability for the continuing guaranty in the written contract. Id. In Hoemer, estoppel did not establish the prior written contract as claimed by the majority in this case. Similarly, in Bailey, 955 So.2d at 782 (¶ 21), the supreme court acknowledged that the equitable doctrine of quasi-estop-pel “precludes a party from asserting, to another’s disadvantage, a right inconsistent with a position it has previously taken,” and “applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit.” Id. In determining whether quasi-estoppel applied to that contract dispute, the supreme court recognized that it must first determine if there was a valid contract between the parties. Id. at (¶ 20). The court found a valid contract to exist, and, then, the court found that the contract should be upheld as a matter of equity. Id. at 783 (¶ 24). The Bailey court dealt with a formal written, signed and notarized contract where all the parties previously executed the agreement. The existence of the prior written contract was not in dispute; rather, the parties disputed the ability to enforce the written contract due to delay in enforcement of *778 rights under the contract and due to economic duress in formation of the written contract.
¶ 80. The Bailey court cites to Bott v. J.F. Shea Company, Inc., 299 F.3d 508, 511 (5th Cir.2002), wherein the United States Court of Appeals for the Fifth Circuit addressed whether estoppel applied to preclude a claim of breach of a contract based on the failure of a subcontractor to obtain coverage for a general contractor as an additional insured. The construction contract between the general contractor and the subcontractor required the subcontractor to secure insurance coverage for the general contractor. Bott, 299 F.3d at 510. The contract specified how the general contractor’s name should be reflected as an additional insured, but the insurance obtained and certificates provided by the subcontractor failed to use that specific name. Id. When the general contractor requested indemnity for a personal-injury liability, the insurance company denied coverage. Id. The general contractor then sued the subcontractor for breach of contract. Id.
¶ 81. In Bott, the Fifth Circuit recognized that quasi-estoppel “precludes a party from asserting, to another’s disadvantage, a right inconsistent with a position [it has] previously taken. The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit.” Id. at 512. The Bott court found, however, that despite the general contractor’s receipt of the insurance certificates with the improper name and despite the fact that general contractor allowed the subcontractor to commence work and be paid for its completion, the general contractor was not precluded from later enforcing the contract provisions against the subcontractor. Id. at 512-13. The court found that the general contractor’s failure to enforce the contract provisions against the subcontractor was not a waiver of the subcontractor’s obligations under the contract, even though the general contractor had acted inconsistently by accepting the insurance certificates with the incorrect name and allowing the subcontractor to work without proper insurance. Id; see also Wood Naval, 220 Miss. at 662-666, 71 So.2d at 429-30.[25] In finding contractual liability, the law has consistently required sufficient proof of the pre-existing contract.
¶ 82. In conclusion, with respect to equitable estoppel, I concur with the trial judge’s determination that a dispute of material fact as to the issue of modification existed and also as to damages; therefore, such disputes bar an application of equitable estoppel by operation of law. Based on our limited scope of review, we cannot retry the case for the parties on appeal nor can the parties retry their case on appeal. Gale v. Thomas, 759 So.2d 1150, 1159 (¶40) (Miss.1999). Therefore, I must respectfully dissent.

. In denying the appellant’s post-trial motion for a JNOV, the trial court again found sufficient evidence supporting the jury verdict.

. In Wal-Mart Stores, Inc. v. Johnson, 807 So.2d 382, 392 (¶ 27) (Miss.2001), the supreme court explained our standard of review as follows:
When this Court reviews the action of the jury after the trial court has refused to grant a new trial on the question of damages, the question then becomes whether the verdict was either so excessive or made-quate as to shock the conscience and to indicate bias, passion and prejudice on the part of the jury, or, whether the jury failed to respond to reason.
Dorris v. Carr, 330 So.2d 872, 874 (Miss.1976); see also Flight Line, Inc. v. Tanksley, 608 So.2d 1149, 1160-61 (Miss.1992) (holding that an appellate court has no authority to vacate an award of damages merely because it believes the jury erred or because, had it been the trier of fact, it would have awarded a greater or lesser sum).

. The transcript of the jury-instruction conference reflects that the parties and the judge discussed at length the applicability of quantum meruit. TCB agreed that this case failed to constitute a quantum meruit case, and TCB had not pled quantum meruit. TCB's case constituted a contract case to determine whether there was a meeting of the minds as to the formation of an oral modification to the subcontract, and if so, then the price set forth in the contract would be awarded, less payments made by Fore. The only evidence of reasonable value was the cost set forth as a term of the contract. See record transcript pages 791-92. The transcript of the juiy-instruction conference shows that TCB withdrew the instruction that seemed to raise the issue of quantum meruit.

. See generally Greater Canton Ford Mercury, Inc. v. Lane, 997 So.2d 198 (Miss.2008).

. Warwick v. Matheney, 603 So.2d 330, 342 (Miss. 1992) (damages are not liquidated when several contested issues surround the measure of damages).

. See record transcript page 795.

. See generally Barnes, Broom, Dallas & McLeod, PLLC v. Estate of Cappaert, 991 So.2d 1209, 1213-14 (¶¶ 15-27) (Miss.2008) (Even though a contract might have been determined to exist, a question of fact may still remain where the record reflects conflicting evidence as to amount of fees due and claims of excessive fees asserted.); see also Moms Newspaper Corp. v. Allen, 932 So.2d 810, 820 (¶ 29) (Miss.Ct.App.2005).

.See also Byblos Corp. v. Salem Farm Realty Trust, 141 N.H. 726, 692 A.2d 514 (1997); Nesbitt v. Erie Coach Co., 416 Pa. 89, 204 A.2d 473 (1964).

. See AmFed. Co., LLC v. Jordan, 34 So.3d 1177, 1182 (¶ 20) (Miss.Ct.App.2009) (providing this Court’s standard of review for a trial court's denial of a motion for directed verdict and denial of a JNOV motion).

. See also Miss. Dep’t of Public Safety v. Stringer, 748 So.2d 662 (Miss.1999); McAlister v. McAlister, 254 Miss. 877, 883-84, 183 So.2d 513, 515 (Miss.1966); Nesbitt v. Erie Coach Co., 416 Pa. 89, 204 A.2d 473 (1964).

. See generally In re Estate of Fitzner, 881 So.2d 164 (Miss.2003); General Authority for Supply Commodities, Cairo, Egypt v. Ins. Co. of N. Am., 951 F.Supp. 1097 (S.D.N.Y.1997).

. The trial judge herein provided no instructions to the jury to consider a certain sum, stating: "I’m going to leave the amount of the verdict up to the jury in its discretion.” TCB raised no objection to this ruling.

. This key dispute as to the representation, or oral modification, was addressed by the trial court in the record, and the court recognized that the key dispute of material fact concerned whether the or not the removal of debris south of Highway 53 was authorized by Fore.

. C.E Frazier Constr. Co. v. Campbell Roofing and Metal Works, 373 So.2d 1036 (Miss.1979).

. Citizens Nat’l Bank of Meridian v. L.L. Glascock, Inc., 243 So.2d 67 (Miss.1971).

. Such recovery requires proof of reasonable measure of compensation.

. I find that quantum meruit applies as a contractual remedy in cases involving written or oral contracts where additional work is performed, in anticipation of payment, where the work is not contemplated by the oral or written contract and sufficient proof of reasonably certain compensation due is shown.

. Tupelo Redevelopment Agency, 972 So.2d at 514-15 (¶¶ 56-59) (The court explained that in order for a party to recover under a theory of quantum meruit, an award would require a finding by the court that labor was not anticipated by the contract, and also that there were no provisions of the contract by which payment could be made for unanticipated labor.).

. Proof of a reasonable amount of compensation is a prerequisite to establishing grounds for recovery under a quantum meruit theory. Langham v. Behnen, 39 So.3d 970, 975 (¶ 13) (Miss.Ct.App.2010).

. See record transcript page 792.

. The special interrogatories only request that the jury provide whether they find that the proof showed by a preponderance of evidence that the oral modification occurred, and if so, what amount of money TCB was entitled to receive for hauling debris south of Highway 53. However, the special interrogatories, like the other jury instructions, failed to provide any language regarding equitable estoppel, quantum meruit, or other equitable basis for relief.

. The Mississippi Supreme Court held association members to their prior association articles of agreement. The court also held that the members were estopped from denying their membership, or to claim they were no longer bound by the articles of agreement, due to conduct inconsistent with a denial of membership. The court did not apply estoppel to establish the underlying articles of agreement of the association membership; rather, the members' subsequent conduct relating to the articles of agreement and subsequent change in their partnership status, applied to estop them from denying their membership in that pri- or agreement.